Martha Lee (Spradlin) CLARK, Appellant,

v.

J. E. SPRADLIN, Appellee.

No. 6949.

Court of Civil Appeals of Texas.

Texarkana.

April 4, 1957.

Rehearing Denied April 25, 1957.

Albert B. Morris, Dallas, for appellant.

Isaac Satterwhite, Marshall, for appellee.

DAVIS, Justice.

This is a suit involving the care, custody and control of four minor children by Martha Lee Spradlin Clark, plaintiff-appellant, in the nature of an application for a writ of habeas corpus against J. E. Spradlin, defendant-appellee. The children involved are the children of appellant. Upon trial of the case before the court, judgment was entered awarding the care, custody and control of the children to appellee, the paternal grandfather of said minor children.

Prior to this suit, appellant had filed several suits for divorce against her husband, David H. Spradlin, and two judgments of divorce appear in the record; one by the District Court of Gregg County, Texas, and one by the Juvenile Court of Dallas County, Texas. In each judgment the children were awarded to appellant.

The father of the children had previously served a term in the penitentiary, and at the time of the trial of this case he was serving a six-months jail sentence in the Gregg County jail.

At the conclusion of the trial of this case, the trial court found, et cetera, that the children, two boys and two girls, were from six to ten years of age; appellant abandoned the children about September 5, 1954, and consented that appellee have the custody of each of the children, and appellee and his wife had had actual possession of them since that time; appellant

is an unfit and improper person to have the custody, care, control and education of said minor children, she is not a person suitable to have such custody and she cannot provide a proper environment and home for such children; the father of the children was an unfit and improper person to have said children, and could not provide a proper environment and home for them; that the natural parents of such children had forfeited their parental rights to the children because of their unfitness, indifference to and dereliction of duty toward them, and each one's inability to provide a proper home and environment for them; appellee was a proper, fit, able and willing person to have the care, custody, control and education of said children, could and would provide a proper environment and suitable home for them and he was a proper and qualified person to have them; and, it would be to the best interests and welfare of each of the children that their care, custody, control and education be awarded to appellee. Based upon the above findings the conclusion of the trial court was that the children be awarded to appellee.

 Appellant brings forward five points of error complaining of the action of the trial court in making the foregoing findings, challenges the sufficiency of the evidence. We will not discuss the evidence in detail, but will state that the findings of the trial court are fully supported by the evidence. Appellant relies upon a line of decisions which holds that the legal presumption is that the best interests of the children will be best served by being under the control of the natural parents. This is a well-recognized rule of law, but the paramount issue in such cases is the best interests of the children and parents do not have a paramount right thereto, when they, by their conduct place themselves in such position that the best interests of the children is elsewhere. 15-B Tex.Jur., 74, Sec. 248, and authorities therein cited.

There were specific findings of fact and conclusions of law filed in this case, and stated in the judgment. The findings are supported by the statement of facts that has been brought forward. We must sustain the findings of the trial court. See 5 McDonald, Texas Civil Practice, 1301, Sec. 16.10(b) and authorities therein cited.

There is no contention that the trial court abused his discretion in awarding the children to the appellee and such contention would not be supported by the record in this case. In such cases, a clear abuse of discretion must be shown or the judgment of the trial court must be affirmed; especially, where there is substantial evidence of probative force to support the judgment of the trial court. Gallagher v. Die, Tex.Civ.App., 260 S.W.2d 218, no writ history.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.