Virginia CLEMENTS et al., Appellants,

v.

Harry McClelland SCHAEFFER, Appellee.

No. 13987.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 3, 1962.

of age, was placed in the custody of his mother with the right of his father to visit Jeff at reasonable times. Immediately following the entry of said decree, and in accordance with its terms, Alice Schaeffer and her son moved to Texas, and lived in Nueces County with her father. Thereafter, Alice married James Bogatz, a chief petty officer in the Navy, and went overseas with him to Italy. She became pregnant and returned to the United States in December 1960, where she lived part of the time with her father in Corpus Christi, and part of the time with her mother in Cameron County, Texas. In August 1961, while living at the home of her mother, she was suddenly taken ill and died. Following her death, Jeff remained in his grandmother's custody, but spent much time with his aunt and uncle, Ruth C. and Clifton Earl Smith. The affection of the maternal grandmother for Jeff was not in issue, but in view of her age and physical condition she did not seek custody.

Shortly after the death of the boy's mother, appellee filed a petition in the Boyd County Circuit Court for custody of the child, and out of State service and notice were served on the maternal grandparents. They did not enter an appearance in the Kentucky Court. After a hearing, the Kentucky Court amended the original decree and the care and custody of the minor child was awarded to his father, who then instituted the present proceedings in the 103rd District Court of Cameron County, Texas. Ruth C. Smith and husband intervened and sought custody.

After a full hearing, the trial court awarded the father custody of his son and, at the request of appellants, filed findings of fact and conclusions of law. The trial judge found that the father was a fit and proper person to have the care, custody and control of Jeff, and that the best interest of the boy would be served by placing custody in his natural father. In the conclusions of law, the trial judge concluded that he was required to give full faith and credit to the decree of the Circuit Court of Boyd County,

Coneway & Forrester, Harlingen, for appellants.

Strickland, Wilkins, Hall & Mills, Asa V. Bland, Jr., Mission, Fillmore, Schaeffer & Fillmore, Wichita Falls, for appellee.

BARROW, Justice.

This is an appeal from a judgment awarding custody of a five-year-old boy to his father, Harry McClelland Schaeffer, after a hearing before the court on a writ of habeas corpus. Appellants are the maternal grandmother, with whom the boy resided following the death of his mother, and interveners, Ruth C. Smith, sister of the boy's mother, and her husband.

Harry McClelland Schaeffer and Alice Clements Schaeffer were divorced in the Circuit Court of Boyd County, Kentucky, in February of 1959, and their son, Jefferson King Schaeffer, who was then two years

Kentucky, awarding custody of the minor child to appellee, and that there was no change in conditions to justify changing said decree. The court further concluded that there was no showing that the interest of the minor child demands that his natural father be deprived of the custody of his child. Thus it will be seen that the trial court awarded said minor boy to his natural father upon two separate theories: giving full faith and credit to the Kentucky decree, and the right of a fit and proper person to have the custody of his natural child.

 We do not deem it necessary to determine application of the full faith and credit of the Kentucky decree, in that appellee joined issue with appellants on their petition in intervention. This gave the court jurisdiction to determine custody. Short v. Short, Tex., 354 S.W.2d 933.

Upon the death of Alice Schaeffer Bogatz, the child's father, Harry McClelland Schaeffer, was entitled to custody of said minor child. Vernon's Annotated Probate Code § 109(a); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. In order to justify changing this custody to an outsider, it was necessary for interveners to show that the surviving parent was not a fit or proper person, or that he had relinquished his parental rights. Castro v. Castellanos, Tex.Com.App., 294 S.W. 525; Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489; Silva v. Aranda, Tex.Civ.App., 223 S.W.2d 333; Ochotorena v. Galarza, Tex.Civ.App., 210 S.W.2d 473.

The trial court's finding that appellee is a fit and proper person to have the care, custody and control of his son is fully supported by the evidence. Appellee remarried in November of 1960, and he and his wife maintain a good home; he is gainfully employed by the Kentucky Highway Department; and there is no evidence whatsoever of any intemperate or immoral conduct on the part of appellee.

Appellants assert that appellee did not fully comply with the support provision of the divorce decree prior to the death of Alice Schaeffer Bogatz, and therefore forfeited his right to the custody of his minor son. Appellee introduced evidence to explain his failure to make the support payments. He testified that at the time of the divorce the couple owed debts amounting to nearly $2,500.00, which he paid; that Alice and her new husband advised him that they were able to support Jeff and wanted appellee to make arrangements to provide for Jeff's secondary education; and he testified to gifts that he made to the boy. His failure to make the support payments was a factor to be considered by the trial court, but that alone would not support a conclusion of his unfitness. De Llano v. Moran, 160 Tex. 490, 333 S.W.2d 359. The trial court concluded that there was no showing which should deprive the surviving father of the care and custody of his minor child. This conclusion is fully supported by the evidence and the law applicable to this case.

The judgment is affirmed.