**Ginger Ann PORTER, Appellant,**

v.

**Knox PORTER et al., Appellees.**

**No. 3829.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 11, 1963.

Rehearing Denied Nov. 1, 1963.

Ponder & Pearson, James Pearson, Sweetwater, for appellant.

Mays, Leonard, Moore & Dickson, R. Temple Dickson, Sweetwater, for appellees.

COLLINGS, Justice.

Ginger Ann Porter brought this suit in the nature of a habeas corpus proceeding

against Royce Donald Porter, seeking the custody of their 2½ year old son. Knox Porter and wife, the paternal grandparents, were also named as defendants. The case was tried before the court without a jury which rendered judgment denying custody of the child to both plaintiff and defendant, Royce Donald Porter and awarded custody to the paternal grandparents, who are residents of Nolan County. Ginger Ann Porter has appealed.

The record shows that appellant, Ginger Ann Porter was born, raised and was married to Royce Donald Porter in the State of California; that the minor child involved was also born in the State of California on July 15th, 1960; that while appellant and her husband were living together in Hayward, California differences arose between them and on August 20, 1962, appellant, without any notice, left her husband, took her child and moved to Reno, Nevada. Shortly thereafter her husband came to Reno to visit the child and, without the knowledge and consent of appellant, took the child with him to the home of his parents, appellees herein, in Sweetwater, Texas. Appellant came to Sweetwater but her husband and appellees denied appellant's request for the return of her child. Appellant thereupon returned to Reno, Nevada, and on November 2, 1962, obtained a divorce from her husband. On November 8, 1962, she filed this child custody proceeding in the District Court of Nolan County, where the child was located, alleging that she was the mother of the child and a fit and proper person to have its custody. Appellees, Knox Porter and wife and their son, Royce Donald Porter, the father of the child, answered by a general denial and further alleged that Ginger Ann Porter was not a fit and proper person to have the custody of her child; that the best interest of the child would be served by awarding its custody to its father, Royce Donald Porter, and prayed that such custody should be awarded to the father. Appellees, the paternal grandparents did not seek or pray for custody of the child.

Appellant urges points contending that the court erred (1) in failing to award the custody of the minor child to her, the natural mother; (2) erred in awarding the custody of such child to appellees, the paternal grandparents, because such award is against the great weight and preponderance of the evidence; (3) erred in finding that appellant is not a fit and proper person to have custody of her said minor child, because there is no evidence to support such finding, or in the alternative (4) because the evidence is insufficient to support such finding; and (5) because such finding is against the great weight and preponderance of the evidence.

District Courts have broad power in determining the matter of custody of minor children which will not be disturbed except in a case of clear abuse. Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494, (Writ Ref.); Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693. The basis for determination of the matter of child custody must be the best interest of the child. 15B Texas Jurisprudence, 59, 60. It is presumed that the welfare of a child will be best served by being in the custody of a parent rather than some other person. Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W.2d 660; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124. However, a trial court does not abuse its discretion in awarding the custody of a child to grandparents or some other fit and proper person if it is shown that the parents are not fit and proper persons. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Clark v. Spradlin, Tex. Civ.App., 301 S.W.2d 216; Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489.

In the instant case the court found that appellant, the mother of the minor child involved, is not a fit and proper person to have his custody; that she is not presently able to provide a fit and proper home for her son; that the environment of the child would be improper and unwholesome if his custody is now awarded to his mother; that the mother is a non-resident of the State,

and if the child should be awarded to her, she would immediately leave the State and take the child with her. The court found that it would be to the best interest of the child that his care, custody and control be awarded to his grandparents, Knox Porter and wife, Rubye Porter, who are residents of Nolan County, Texas, and in whose home the father, Royce Porter, now resides. The court found that Knox Porter and Rubye Porter are fit and proper persons to have the custody of the minor child; that their home is a fit and proper one for rearing the child; that the environment, home life and surroundings of the minor child will be more stable at the home of appellees Knox and Rubye Porter and that thereby said minor child will be assured of better care and better atmosphere in general for his mental, moral and emotional development.

█ We have carefully considered the evidence and have come to the conclusion that the court did not err in finding that appellant is not a fit and proper person to have the custody of her minor child, and that it would be to the best interest of the child to be in the custody and care of appellees Knox Porter and wife. The effect of the evidence is that appellant has over a period of years been guilty of periodic, but a more or less regular, series of serious indiscretions and inexcusable misconduct entirely inconsistent with a proper environment for children. The evidence does indicate that appellant at times has conducted herself as a proper parent showing that she loves her child. Her conduct and attitude on the whole, however, has been such that it constitutes not only some evidence but amply sufficient evidence to support the finding of the court that she is not a fit and proper person for child custody. The evidence further shows that appellant is a non-resident of this State and if granted custody of her child, plans to make her home in Reno, Nevada. The evidence concerning the home which she plans and its surroundings indicate that the child would be subjected to an improper and unwhole-some environment. The trial court did not abuse its discretion in awarding the custody of the minor child in question to appellees, Knox Porter and wife. Appellant's points are overruled.

The judgment is affirmed.