Jim POWELL et ux., Appellants,

v.

Una Marie POWELL, Appellee.

No. 6616.

Court of Civil Appeals of Texas.

Beaumont.

April 23, 1964.

Everett Lord, J. R. McDougald, Beaumont, for appellants.

Jack R. King, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This is a habeas corpus proceeding involving custody of three minor boys who, at the time of trial, were of the ages of 12, 9 and 8 years, respectively.

Appellee and David Powell, the natural father and mother of the children, were married in the year 1946. They were divorced in 1956, at which time the custody of said children was awarded to David Powell. Proof of the cause or grounds of the divorce and the reasons why the father was awarded custody was not made in the trial. David Powell was killed in an automobile accident on the 24th day of March, 1962. Since his death, and at all times prior to the judgment of the trial court now before us, the children had resided with appellants herein. In April of 1962 appellee filed her petition for habeas corpus wherein it was alleged that said children were being illegally confined and restrained by appellants and preventing them from being in the custody of appellee who is the proper person to have their custody and control. Answer was made by appellants who requested they be appointed guardians of said children and that it would be to said children's best interest that their care, custody and control be decreed to them. Thereafter, on the 23rd day of August, 1962, the custody of said children was temporarily awarded to appellants Jim Powell and wife, Sallie Powell.

Trial was had in September of 1962 and at the close of the testimony appellee filed a motion for instructed verdict, alleging among other things that appellants' evidence failed to rebut the legal presumption that it is to the best interest of the children that the natural parents have their care, custody and control, and that there was no evidence to show that said children's best interest would not be served by placing them with appellee. Such motion for instructed verdict was overruled, and the following special issue was submitted to the jury:

"Do you find, from a preponderance of the evidence, that it would be to the best interest of the minor children for their custody to be placed in Jim and Sallie Powell?

"In connection with the above Special Issue, you are instructed that the law presumes that a natural parent is entitled to the custody of their natural children but this may be overcome by a preponderance of the evidence."

The jury was unable to reach a verdict and was discharged by the court and the case

was taken under advisement by the court. The court thereafter granted appellee's motion for judgment finding that appellee was a fit and proper person to have the care, custody and control of the children; that there was no evidence to warrant a submission of the issue that was submitted to the jury, and that appellee's motion for instructed verdict should have been granted.

We think the court erred in concluding that there was no evidence to submit said issue. It would serve no useful purpose to set out herein the wealth of testimony of several disinterested witnesses conclusively establishing that appellants were fit and proper persons to have the care, custody and control of the children; that they loved them; had a nice, suitable home and were financially able to adequately care for them; that the children were quite fond of them and enjoyed living with them. In this connection, the record reflects that after the divorce of appellee and her husband, David Powell, in 1956 the children lived in the home of appellants for 3½ years, after which the said David Powell built his own home and placed the children therein under the care of a housekeeper where they remained until the death of David Powell as aforesaid.

The testimony showed that appellee had worked in a beer tavern for several years, as a waitress. That she was still working there at the time of the trial, and intended to continue until she got out of debt. She worked one week from 10:00 a. m. until 6:00 p. m., and the next week 5:00 p. m. until 12:00 at night, and she planned to continue working those same hours. The testimony also showed that appellee had been going with a man named W. R. Shannon and had been engaged to him for the past four years. Shannon had come to her home practically every time she had the children. Shannon used vile language around her once in a while, maybe once a month. Shannon had slapped appellee, but not very often, when they got into an argument, maybe once a month. They had vague plans of getting married, but will wait to see how things work out. One of the children, a 12 year old boy, testified he had known Shannon for 2 or 3 years. He had seen Shannon drink beer once, and had heard him curse his mother. His mother had a black eye and he was told Shannon gave it to her. All of this evidence would have supported a jury finding that it would be to the best interest of the minor children for their custody to be placed in appellants.

As a matter of fact, appellee does not take a serious position in its brief to the contrary. She there refers to the well established law to the effect that the natural parent of a child, as against outsiders, is entitled to the custody of the child unless it be shown that the parental right of the parent has been terminated by decree, is a dependent or neglected child or that the parent is unfit to have the custody. Clements v. Schaeffer, Tex.Civ.App., 360 S.W.2d 906; Martin v. Cameron Co. Child Welfare Unit, Tex.Civ.App., 326 S.W.2d 31; Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489; Sec. 117, Spears Marital Rights in Texas, p. 167. That is good law, but as stated by the Supreme Court in Mumma v. Aguirre, 364 S.W.2d 220, that rule of law sometimes collides with other rules of law. In this case, it has collided with the rule that the custody is to be determined by consideration of what is to the best interest of the minor children. In connection with this latter rule, appellee joined issue with appellants as to the best interest of the children. Both parties placed the problem of determining whose custody would be to the best interest of the children squarely before the court and jury.

Even though a trial court is of the opinion that the evidence before it is too meager to support a judgment in favor of one of the parties and that a verdict based thereon would have to be set aside and new trial granted, it must, nevertheless, if there is some evidence beyond a scintilla, submit the case to a jury.

■ Therefore, we hold that the trial court erred in granting appellee's motion for judgment. Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933. Since the amendment in 1961 of Art. 4639a of the Revised Civil Statutes, the parties were entitled to have the issue of custody submitted to the jury, and the judgment of the court would have to conform to its determination.

Reversed and remanded.