James Douglas COX, Appellant,

v.

Carl E. YOUNG, Appellee.

No. 4066.

Court of Civil Appeals of Texas.

Eastland.

July 15, 1966.

Rehearing Denied Aug. 12, 1966.

Kenneth D. Furlow, Beaumont, for appellant.

Nipper & Knox, Houston, for appellee.

COLLINGS, Justice.

This is a writ of habeas corpus proceeding involving child custody. James Douglas Cox, a resident of New Iberia Parish, Louisiana, brought the action against Carl E. Young of Harris County. The court denied the writ and gave custody of the minor child to its stepfather, Carl E. Young. James Douglas Cox has appealed.

The record shows that appellant was married to Frances Evelyn Young, now deceased, on December 31, 1953; that on February 1, 1956, Carla Katherine Cox, the child involved, was born to that marriage; that Cox and his wife, Frances Evelyn, were divorced in Jefferson County on August 15, 1957, and custody of the minor child was granted to the mother, with a provision requiring appellant to contribute child support in the amount of $50.00 per month and allowing visitation by appellant. Appellant contributed to the support of the child until May of 1960. In July of 1960, appellant was cited for contempt but the child's mother elected to discontinue that action. Another contempt proceeding was instituted in September of 1960 and, upon a hearing, appellant was found in contempt and a capias was issued. Appellant then began to pay child support and was credited with four payments during the following seven months period. In April of 1961, appellant again ceased making child support payments and, in August of 1961, he was cited for contempt for non-support by the Louisiana Department of Welfare, apparently at the request of the mother. The District Court of New Iberia Parish, Louisiana, on August 14, 1961, imposed a fine and jail sentence upon appellant which was suspended on condition that he would regularly pay child support. Appellant testified that during the time he was delinquent he was out of work and unable to make such payments. Appellant further stated that sometime thereafter when he again ceased making payments it was because he did not know his first wife's address; that some of the payments he did make were returned. On February 7, 1962, the probation was removed by the District Court of New Iberia Parish, Louisiana, for the stated reason that "probationer's divorced wife cannot be located and child support payments have been returned." In March, 1964, the child's mother again attempted to compel appellant to pay child support but the outcome of that attempt is not shown in the record.

Sometime around Christmas of 1964, the child's mother married appellee, Carl E. Young. Mrs. Young died during June of 1965. The record indicates that there was

no visitation or communication between appellant and his child from 1961 until the time of her mother's death; that, since the date of the divorce in 1957, appellant has never sent Christmas presents, Christmas cards, birthday presents or birthday cards to his daughter. The evidence further indicates that the minor child, on various occasions, made extended visits to appellant's parents, in Sulphur Springs, Texas, and that for a period of time said child attended school in Sulphur Springs while the mother was ill. Appellant testified that he first learned of this fact during the trial. Appellant also stated that for a time he made efforts to visit his daughter but that on each occasion his first wife "started a big stink" with his family. The present Mrs. Cox testified that the girl's mother "kept calling my house and causing trouble * * * begging my husband to leave me and go back to her".

On November 6, 1961, appellant executed a "consent for adoption" document which recited the mother's mailing address as 5235 Pennsdale, Houston, Texas. The instrument recited that appellant was the father of Carla Katherine Cox; that appellant agreed to permanently surrender the care, custody and parental authority of said child to one F. R. Augustine "who is now married to the natural mother, Mrs. Frances Augustine". The instrument further recited that appellant consented to the adoption of said child by the said F. R. Augustine upon judgment of any court of competent jurisdiction. There is no showing that the child was ever adopted by Augustine.

■ We overrule appellant's first point complaining of the action of the court in allowing the introduction of the "consent for adoption" document. Appellant's contention that the instrument has no binding contractual effect is unquestionably correct. Also appellant testified, in effect, that the reason he signed the consent for adoption was to avoid the trouble his first wife was causing between him and his second wife. The instrument was admissible, however,

because it is material to the principal issue involved concerning whether appellant was neglecting his child without regard to his parental responsibilities. It was admissible, together with other evidence which appellee contends shows a pattern of conscious disregard of appellant's parental responsibilities toward the child.

There is evidence to the effect that appellant, James Douglas Cox, has three children by his second marriage but has ample room in his home for his wife and children and for his minor daughter, Carla Katherine Cox; that he has a three bedroom brick veneer house near a shopping center and church; that he and his wife are fit and proper persons to care for his daughter; that they both love her and desire to have her with them; that appellant was out of work during a portion of 1960 and 1961 and, for that reason, was unable to contribute to the support of his daughter as ordered by the court, but that for the past three years he has earned in excess of $12,000.00 per annum and is now well able to support his family, including said daughter.

■ In child custody cases the welfare of the child is the controlling consideration. 44 Tex.Jur.2d 43, 44. The determination of custody is within the sound and broad discretion of the District Court which will not be disturbed except in a case of clear abuse. Mumma v. Aguirre, 364 S.W.2d 220 (Tex. Sup.Ct.). There is a presumption that the interests of a young child are best served by being in custody of a parent rather than some other person. Mumma v. Aguirre, supra, and upon the death of one of the parents to whom custody has been awarded by a divorce decree, as in the instant case, the custody of the child vests automatically in the other parent. Vernon's Annotated Probate Code, Section 109(a); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. However, improper conduct of a parent may forfeit his right to custody of his child and a trial court does not abuse its discretion by awarding custody to some

other person, (1) who is fit and proper, (2) if it is shown that the parent is not a fit and proper person. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

There is no evidence that appellee Young is a fit and proper person to have custody of the child, and, from a consideration of the evidence as a whole, we are of the opinion that the evidence is insufficient to show that appellant is an unfit and improper person. We therefore sustain appellant's points contending, in effect, that the judgment is erroneous because (a) the evidence does not support the findings of fact and conclusions of law; (b) that the judgment is so against the great weight and preponderance of the evidence as to be manifestly wrong and (c) that the court abused its discretion in entering such judgment. The material time concerning fitness for child custody is the present. If the parent is presently a suitable person to have custody, the fact that there was a time in the past when the parent would not have been a proper person to have such custody is not controlling. 44 Tex.Jur.2d page 48. Past misconduct or neglect, such as the failure of a divorced father to make child support payments, are factors to be considered when he seeks custody after the death of the mother, but such facts are not of themselves sufficient to show present unfitness. Clements v. Schaeffer, 360 S.W.2d 906 (Tex.Civ.Apps., no writ history); Pettit v. Engelking, 260 S.W.2d 613 (Tex.Civ. Apps., n. r. e.). Even a judgment decreeing that a parent is unfit to have custody of his child is not a perpetual adjudication of unfitness.

The court found that at the time of the death of Frances Evelyn (Cox) Young she was married to Carl E. Young, and that the child Carla Katherine Cox is now in his custody. The court further found that it would be to the best interest of Carla Katherine Cox to be in the custody of her stepfather, Carl E. Young. Based upon these findings and the finding that appellant is not a fit and proper person to have custody of his daughter, judgment was entered for appellee. The judgment, in our opinion, is not supported by the evidence. The record as heretofore indicated does not show that appellee, Young, adopted the minor child. He married the mother about Christmas of 1964 and she died in June of 1965. Thus the child was with him and under his care for only about six months prior to the mother's death. Appellee did not testify, nor did any other witness testify concerning his fitness. There is no evidence concerning his background, employment or lack of employment, or any other facts pertaining to his qualifications or fitness to have the care, custody and control of the minor child, Carla Katherine Cox. A consideration of the evidence as a whole, as herein substantially set out, shows that the evidence is insufficient to support the finding that James Douglas Cox is not a suitable person to have custody of his daughter, and such finding is against the great weight and preponderance of the evidence.

For the reasons stated, the judgment is reversed and the cause is remanded for another trial.