Vera HARRELSON, Appellant,

v.

Mattie Jean Harrelson DAVIS, Appellee.

No. 16827.

Court of Civil Appeals of Texas.

Fort Worth.

May 5, 1967.

Paul O. Wylie, Archer City, for appellant.

W. W. Ballard, Wichita Falls, for appellee.

OPINION

RENFRO, Justice.

Child Custody Case.

Mattie Jean (Harrelson) Davis and R. J. Harrelson were divorced January 16, 1961. Custody of Tammy, a girl two years of age, and Dean, a boy four months of age, was awarded to Harrelson with Mattie having the right and privilege to visit the children and have them visit with her at all reasonable times.

Both parties remarried. Mattie married Jessie Lee Davis, Jr., on January 18, 1961, and has two children by him. Harrelson married Vera on August 17, 1963.

R. J. Harrelson died on August 1, 1966, and left surviving two children by Vera.

Mattie Jean (Harrelson) Davis filed suit for modification of the judgment concerning custody of the two above named children on August 4, 1966.

Following a full hearing, a jury found that plaintiff, Mattie Davis, was not a fit and proper person to have custody of the children; that defendant, Vera Harrelson, was a fit and proper person to have custody; that it would be for the best interest of the children to remain with Vera and would not be for the best interest of the children for Mattie Davis to have their custody.

Plaintiff filed a motion for judgment non obstante veredicto. The court "having heard and considered the said Motion, the evidence and argument of counsel, and being of the opinion that the evidence raised no issue of fact, that a directed verdict for Plaintiff would have been proper" granted the motion for judgment non obstante veredicto and entered judgment whereby the custody of the two children was awarded to the plaintiff, Mrs. Davis.

In her only point of error defendant contends the court erred in granting plaintiff's motion for judgment non obstante veredicto.

Plaintiff was sixteen years of age when she married Harrelson. They were separated in September, 1960. The divorce was granted in January, 1961. At the time of separation they lived in Archer City.

Plaintiff testified she did not contest custody of the children at the time of the divorce because she had no money, no way to take care of the children, and Harrelson told her he would go to jail rather than pay child support. Soon after the divorce she married her present husband Davis, and has two children by him; she visited the children in question frequently until her husband re-enlisted in the military service. When he was transferred from place to place she went with him; at various times they have lived in Germany, Washington and California; now they live in Wichita Falls; all along she has bought things for the children; she loves the children, is interested in their welfare and feels she can take better care of them than can defendant; she and her husband live in a

house with ample accommodations for the children; she brought this suit three days after her former husband's death.

Plaintiff's husband, Jessie Lee Davis, Jr., testified: he has been in military service twelve years and plans to remain in service for eight years longer; his pay is in excess of $630 per month; he married plaintiff before he re-enlisted; at that time he was making only $145 per month and was financially unable to help his wife regain custody and support of the two children; he was on duty in Vietnam when the present proceedings .were begun and flew home at his own expense to help his wife obtain custody of her children; he loves his wife's children; he wants them in his home and would like to adopt them; he loves his wife and they have had no marital troubles at all.

Several witnesses testified that plaintiff was a good mother, a good housekeeper, attended church regularly with her children, and that her reputation was good.

Defendant, Vera Harrelson, testified: since her husband's death she has had no income; she expects to receive social security and veteran's benefits, maybe as much as $250 per month; she does not intend to work; she loves the Harrelson children and wants them very much and wants them because she loves them and has been a mother to them for three years; she thinks plaintiff not a proper person because "she never has been a mother" to the children; plaintiff has sent the children some things, "but not much."

Mrs. Gladys Harrelson, mother of R. J. Harrelson, testified: she kept the children after plaintiff and R. J. separated until R. J. married Vera; plaintiff did not visit the children "as much as she should"; on the day of R. J. Harrelson's funeral plaintiff offered to let witness adopt the children (denied by plaintiff); Vera is a good mother.

Other witnesses testified as to the good reputation of Vera; she attended church

with the children regularly; she was a good housekeeper and a good mother.

The divorce judgment of 1961 did not decree that plaintiff was an unfit person to have custody of the children, but found that the best interest of the children would be served by giving custody to the father.

Prior to the institution of this suit by plaintiff, defendant never had legal custody of the children and had not adopted them.

In Cox v. Young, 405 S.W.2d 430 (Tex. Civ.App., 1966, ref., n. r. e.), the Eastland Court of Civil Appeals held: "The material time concerning fitness for child custody is the present. If the parent is presently a suitable person to have custody, the fact that there was a time in the past when the parent would not have been a proper person to have such custody is not controlling. 44 Tex.Jur.2d page 48. Past misconduct or neglect, such as the failure of a divorced father to make child support payments, are factors to be considered when he seeks custody after the death of the mother, but such facts are not of themselves sufficient to show present unfitness," citing Clements v. Schaeffer, Tex.Civ.App., 360 S.W.2d 906, and Pettit v. Engelking, Tex. Civ.App., 260 S.W.2d 613.

■ Viewed in the light most favorable to the verdict the evidence was wholly insufficient to support the finding that plaintiff was not a fit person to have custody of her children. The court did not err in holding that such finding had no support in the evidence.

The question of the best interest of the children next presents itself.

No doubt the defendant stepmother has been a good mother to the children. She is faced, however, with the problem (if she retains custody) of rearing and educating four fatherless children. She does not have employment and has no intention of seeking employment. She has no money. She, at time of trial, had no prospect of income except what she might receive from social security and veteran's benefits.

On the other hand the record reflects plaintiff's love for her children, she has a congenial home and a husband with a good income. He, too, loves the children and wants them.

In Bradford v. Lincoln Bank & Trust Co., 96 S.W.2d 821 (Tex.Civ.App., 1936, dism.), it was held that after the death of the mother who had been awarded custody of the child at the time of divorce, the father was the natural guardian of the child's person and entitled to its custody until otherwise decreed by a court of competent jurisdiction. To the same effect is Thrash v. Cochran, 360 S.W.2d 587 (Tex.Civ.App., 1962, no writ hist.).

In Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953), wherein the mother, in whom custody had been placed, died, a contest arose between the father and others over custody of the child. Chief Justice Calvert, speaking for the Court, said: "It is true that the legal custody of the child vested automatically in Norris (the father) when the child's mother died, and it is undoubtedly true also that from that moment he was legally entitled to the physical possession of the child."

The Supreme Court in Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551 (1946), held: "Immediately upon the mother's death the right of petitioner, the child's father and natural guardian, to the custody of his child was revived. This is true notwithstanding the decree of divorce which had awarded the child's custody to the mother."

It has been held that the fact that the evidence might show that the best interest of the child will be served by taking the child away from the custody of the natural parent and giving it into the custody of an outsider, does not overcome the presumption of the law to the effect that the best interest and welfare of the child will be accomplished by leaving it in the care and custody

of its natural parent or parents so long as its natural parent or parents are fit persons to have such custody, and such child is not a dependent or neglected child. See Prock v. Morgan, 291 S.W.2d 489 (Tex. Civ.App., 1956, no writ hist.), and authorities cited.

It has been repeatedly held that a child of tender years should be with the mother if she is a fit person therefor. Kollenborn v. Kollenborn, 273 S.W.2d 660 (Tex.Civ. App., 1954, dism.).

◼ The Supreme Court in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955), held: "The paramount right of a natural parent to a child comes from a legal presumption that to be raised by its natural parents is to the child's best interest." This presumption is, of course, rebuttable.

◼ Ordinarily, the law presumes that the best interest of the child will be served by allowing it to remain in the custody of the parent rather than some other person. Legate v. Legate, 87 Tex. 248, 28 S.W.2d 281 (1894); Dunn v. Jackson, 231 S.W. 351 (Tex.Com.App., 1921); Davis v. Sears, 35 S.W.2d 99 (Tex.Com.App., 1931); Jones v. Gay, 258 S.W.2d 403 (Tex.Civ.App., 1953, no writ hist.); Mumma v. Aguirre, 364 S. W.2d 220 (Tex.Sup., 1963); Cox v. Young, Tex.Civ.App., 405 S.W.2d 430; Porter v. Porter, 371 S.W.2d 607 (Tex.Civ.App., 1963, ref., n. r. e.).

Under the provisions of Chapter 5, § 109, V.A.T.S., Probate Code, if one parent is dead, the survivor is the natural guardian of the person of the minor children.

◼ Under the law and the facts of this case, the father being dead, the plaintiff, being the surviving parent, had the prima facie right to the custody of the children. The burden of establishing by a preponderance of the evidence rested on defendant, a non-parent who never had been vested with legal custody of the children, to show that this prima facie right had been overturned.

◼ A study of the entire record convinces us that the evidence did not support a finding that the best interest of the children would be served by leaving their custody in defendant.

That being true, the court had the right to enter judgment for plaintiff non obstante veredicto, Welch v. Welch, 369 S.W.2d 434 (Tex.Civ.App., 1963, no writ hist.), and he did not abuse his discretion by so doing.

Affirmed.