MABEL MOWRY *vs.* GAYLE BERNADETTE SMITH *et al.*

JUNE 18, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity brought by the maternal grandmother of Gayle B. Smith, a minor, against Gayle and her father Edwin T. Smith for her removal from his custody and the appointment of the complainant as her guardian. For the purposes of this litigation the superior court duly appointed a guardian *ad litem* for Gayle. After answers had been filed and the cause was called for hearing in the superior court, but before any testimony was taken, respondent Edwin T. Smith moved to dismiss the bill of complaint for lack of jurisdiction. From a decree of that court dismissing the bill, the complainant has appealed to this court.

It appears from the bill that respondent Edwin T. Smith and Mary B. Smith were husband and wife and parents of Gayle; that they were divorced August 19, 1950 and the custody of the child was awarded to the wife; that Mary B. Smith died March 24, 1952; that complainant has had the actual custody of Gayle since her birth; that the decree of divorce awarded the wife an allowance of $8 a week for Gayle's support; that at the time of the wife's death re-

spondent Edwin T. Smith was in arrears to a substantial amount in the payment of such allowance; and that Gayle is six years of age and is the owner of certain property.

The bill further alleges that because of the death of Mary B. Smith the decree of divorce has become inoperative; that respondent Edwin T. Smith has neglected to "support, maintain, educate and train his daughter," and has "abandoned her to the care, custody, support and maintenance of your complainant." The said respondent denied those allegations in his answer but since the question of jurisdiction was raised at the threshold of the hearing on the merits and was decided adversely to complainant the truth of those allegations remained undetermined. Since the case comes to us solely on the issue of jurisdiction in equity we are not confronted with the issue whether respondent is a fit and proper person to have the custody of his child.

The respondent Edwin T. Smith contends that there is only one point in controversy on his motion to dismiss and that is whether the superior court sitting in equity has jurisdiction to regulate the custody of a minor child whose parents have been divorced by a final decree of that court sitting as a court of domestic relations exercising purely statutory jurisdiction in divorce under general laws 1938, chapter 416, §14, and chap. 496, §25. He argues that the language of those sections is so clear in vesting jurisdiction solely in the court of domestic relations that there is little need for further argument. The trial justice agreed with that view and in granting the motion to dismiss expressly held that the legislature had removed or modified any jurisdiction which the superior court sitting as a court of equity might have had over the custody of infants and vested it exclusively in the statutory court of domestic relations in cases of parties petitioning for divorce or by it divorced.

The complainant does not dispute the correctness of that view generally but contends that it does not apply in the instant case, because upon the death of Mary B. Smith

the court of domestic relations lost the limited jurisdiction over the parties which was granted to it under the statute above cited. In such circumstances she argues that there is an inherent jurisdiction in equity over the persons and property of infants which may be invoked on their behalf to remove them from parental control and custody when such custody or control is shown to be inimical to their welfare. In support of that contention she does not cite any case in this jurisdiction or elsewhere but relies upon statements substantially to the above effect in 4 Pomeroy Eq. Jur. (5th ed.), §1303, p. 869, and §1307, p. 875.

For reasons hereinafter stated, we need not consider the implications of Pomeroy's text on the facts alleged in the bill of complaint here. Nor do we think it necessary for us to consider the nature or extent of equity jurisdiction over infants in special cases affecting their property where there is no adequate remedy at law. There is such a remedy available to an infant if its natural guardian is unfit or it lacks such a guardian. It is not, however, a remedy that can be pursued in the court of domestic relations within a divorce proceeding in which after a final decree the party to whom custody of a child has been given has died leaving the other party surviving.

The reason which the trial justice gave for granting the motion to dismiss is invalid. The general rule, sustained by the weight of authority, is that upon the death of the party to whom the custody of children was awarded by a decree of divorce the right of custody automatically inures to the surviving party, and thereafter the decree is without effect as to any further right thereunder to such custody. See 74 A. L. R. 1353, 1357. This rule was recognized in *Barry* v. *Sparks,* 306 Mass. 80, *Leclerc* v. *Leclerc,* 85 N. H. 121, *McLaughlin* v. *Todd,* 201 Ark. 348, and *Girtman* v. *Girtman,* 191 Ga. 173.

In the last above-cited case the facts were very much like the case at bar. Under a final decree of divorce the

custody of a child was divided between the parties for stated periods. Sometime thereafter the husband died. His mother intervened in the divorce proceeding and moved for a change of custody alleging that the wife had not exercised custody when she had a right thereto under the decree; that as the grandmother she had cared for the child; that the child was devoted to her; and that she had been made her guardian by the will of the child's father. A plea to the jurisdiction and a motion to dismiss were overruled below and the grandmother's petition was granted.

On appeal the supreme court of Georgia reversed such ruling, pointing out that in the first place the grandmother had no standing in the divorce proceeding, not even as a testamentary guardian, because upon the death of the husband the mother as its natural guardian became entitled to the sole custody of the child. And they stated in their opinion that although the divorce court in its decree expressly retained jurisdiction over the cause, that could make no difference since upon the death of the father the divorce proceeding failed so far as any further right to custody of the child was concerned.

The facts in *McLaughlin* v. *Todd,* 201 Ark. 348, are also not unlike those here. In that case, by a final decree of divorce granted in Arkansas custody of the child and an allowance for support were given to the wife. She thereafter went to live in Tennessee with her father, who supported her and the child. Sometime later the wife died and her sister was appointed guardian of the child by a Tennessee court. The guardian thereupon intervened in the divorce proceeding in Arkansas seeking payment of arrears of the allowance and a continuance of the order therefor to her as guardian. On demurrer to the jurisdiction of the court below to permit such intervention, the supreme court of Arkansas, following the rule that the death of the wife abated the divorce proceeding and left the surviving husband as the sole legal custodian of the child, held that

the decree for custody and allowance became ineffective after the wife's death.

From our examination of the cases, we are satisfied that reason as well as the weight of authority supports the application of the general rule to a case like the one at bar. While this court has not had occasion heretofore to pass upon this precise question, it has been called upon to decide whether a decree of divorce granting the wife custody of minor children carried with it the right to an allowance for their support out of the assets of her divorced husband's estate. *Brown* v. *Smith,* 19 R. I. 319.

In that case it was held the wife could not maintain an action against her husband's estate for the board of the children. The reason given for so deciding was that the decree granting custody to the wife relieved the husband of his obligation at common law to support his children, and since the divorce decree did not expressly obligate him to render such support that obligation no longer existed. The converse of that reasoning is applicable to the case at bar. The decree therein granting custody and an allowance to the wife ceased to operate upon her death, and the custody of Gayle reverted to her father. With the return of such right of custody went the revived obligation on his part to support her, not in accordance with any decree of the court of domestic relations in the divorce proceeding but in accordance with his duty so to do under the common law.

Upon the death of Mary B. Smith, therefore, respondent Edwin T. Smith had the legal right to the custody of Gayle and the duty to support her. The decree awarding custody and an allowance was no longer of any force or effect and the court of domestic relations lost its jurisdiction over Gayle and the respondent. No one who had the actual custody of Gayle could assume therefrom a legal right in herself to be appointed the guardian by any court and obtain an allowance for the child's support from the respondent unless he was first judicially found to be unfit

to have custody as her natural guardian. A proceeding for that purpose could not be brought by such a person in her own right but only in the name of the child and on her behalf. The complainant having brought the instant suit in her own right had no standing to invoke the jurisdiction of the court. For those reasons the trial justice did not err in granting the motion to dismiss, although the ground on which he rested his decision was invalid.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Fergus J. McOsker,* for complainant.

*Charles H. Eden, F. Albert Starr,* for respondents.