341 P.2d 205

Matter of the GUARDIANSHIP of the Persons and Estates of Ernest Hemingway O'HARE, Elizabeth Talbot, Nicolle Talbot, Michelle Talbot, and Emeline Irene Talbot, minors.

No. 8978.

Supreme Court of Utah.

July 6, 1959.

Preston & Harris, Logan, for appellant.

Olson & Calderwood, Logan, for respondent.

HENRIOD, Justice.

Appeal from a District Court refusal to appoint the grandfather of four minors as the guardian of their persons. Remanded with recommendations. No costs awarded.

Emeline Talbot was awarded the exclusive custody of her four minor children in a divorce action, in which her husband, Verden L. Talbot, was restrained from molesting her or entering her home until the further order of the court. Mrs. Talbot was killed during the interlocutory period. Mr. Talbot assumed custody of the children, a fact found by the court in this action brought by the grandfather, who petitioned the court to appoint a guardian of

the children's estates and *persons*. The court granted the petition as to their estates, appointing a bank, but refused to appoint the petitioner as guardian of their persons. The court apparently took the position [1] that since the grandfather alleged in his petition that Talbot was not a fit person to have custody of the children, that matter was exclusively within the statutory jurisdiction of the juvenile court,[2] the trial court refusing an offer of proof reflecting on Talbot's reputation for sobriety and other traits of character that allegedly would be inimical to the best interests of the children should they remain in his custody.

█ Upon Mrs. Talbot's death, right to custody of the children immediately vested in Mr. Talbot, their natural guardian,[3] subject to divestment upon proof in a proper proceeding in a proper court that such natural guardian should not continue with such custody. The question posed is whether the district court had jurisdiction to award custody in the guardianship proceeding or whether proceedings having to do with such custody must have been initiated in the juvenile court.

█ We are of the opinion that the district court had jurisdiction to determine whether Talbot, the natural guardian, who admittedly had custody, should retain it. A mere allegation in a petition that a natural guardian is an unfit person does not prove that fact, nor does it prove that a minor child, issue of such person, is either "neglected," "dependent" or "delinquent" as those words are construed,[4] nor does it prove that the juvenile court has exclusive original jurisdiction with respect to custody. If evidence had been presented and accepted indicating that the children, at the time Talbot had custody, actually were being neglected, were dependent or were delinquent, the District Court could and should have transferred the matter to the juvenile court, but if no such condition was found to exist, the District Court certainly would have jurisdiction to perpetuate the custody in Talbot, or, if it found that for some one or more reasons other than neglect, dependency or delinquency, the custody should be shifted to some one else for the best interests of the children, the District Court certainly would have jurisdiction to accomplish that fact. That court has inherent jurisdiction to award

1. No transcript was filed in this court, the facts being set out in the briefs.
2. Title 55–10–5, U.C.A.1953: "The juvenile court shall have exclusive original jurisdiction in all cases relating to the neglect, dependency and delinquency of children who are under eighteen years of age * * * and the custody, detention, guardianship of the person, trial and care of such neglected, dependent and delinquent children, and the employment of children as provided by law."
3. Title 75–13–18, U.C.A.1953; 25 Am.Jur. 13, Sec. 9.
4. Title 55–10–6, U.C.A.1953.

184

custody of children, except where, as in the juvenile court statute [5] the latter court is given exclusive but limited [6] jurisdiction in three situations,—where neglect, dependency or delinquency is in issue. Besides such inherent jurisdiction, District Courts have specific statutory jurisdiction in custody matters.[7] If the District Court had no jurisdiction to award custody in cases not covered by the juvenile court act, or where the statute did not specifically give it such authority, there would be a no man's land where custody might be undeterminable by any competent court. Public policy demands that there be no hiatus or suspension in mid-air of the custody of children, a matter of such vital concern to the state as well as to natural parents.

Under Title 55–10–5(4), U.C.A.1953, the authority to determine child custody in courts other than the juvenile court is recognized.[8] Under the provisions thereof such other courts may refer custody matters to the juvenile court either for determination or for the latter's recommendation. We think it proper, and so hold, that the case be remanded to the District Court, who, in its discretion, might pursue either of the procedures pointed out in this opinion as being available to the trial court.

CROCKETT, C. J., and WADE, McDONOUGH, and CALLISTER, JJ., concur.

5. Title 55–10, U.C.A.1953.
6. Title 55–10–5, U.C.A.1953; In re State in Interest of Graham, 1946, 110 Utah 159, 170 P.2d 172.
7. Title 30–3–10, U.C.A.1953 (separation and divorce proceedings); Title 55–10–5 (4), U.C.A.1953 (habeas corpus proceedings); Title 75–13–12, U.C.A.1953 (appointment of guardians of minors generally); Title 55–8–2(c), U.C.A.1953 (transfer of custody).

8. "Nothing herein contained shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or when such custody is incidental to the determination of causes in such courts. Such other courts may, however, decline to pass upon questions of custody and may certify the same to the juvenile court for hearing and determination or recommendation."