Harry Baram *v.* Murray I. Schwartz

King, C. J., Murphy, Shea, Alcorn and Comley, Js.

Argued December 5, 1963—decided January 21, 1964

*Robert Y. Pelgrift,* for the appellant (plaintiff).

*Richard S. Levin,* with whom was *Donald J. Cantor,* for the appellee (defendant).

ALCORN, J. The plaintiff, father of a ten-year-old boy, brought this habeas corpus action requesting the Superior Court to make such order concerning his son's custody as would best serve the boy's welfare. After a full hearing, the court decided that the best interest of the boy would be served by awarding custody to the defendant, his maternal uncle, and rendered judgment accordingly. The plaintiff has appealed, claiming only that the court failed to give full faith and credit to a Rhode Island Family Court custody decree rendered after the present action was commenced and that no change of circumstances subsequent to that decree justified a modification of it in Connecticut.

The plaintiff married Arlene Schwartz in Hartford, Connecticut, on February 5, 1952. The couple moved to Rhode Island where David, their only child and the subject of this action, was born on February 17, 1953. When David was less than a year and a half old, his mother, on July 22, 1954, was granted a divorce from the plaintiff by the Rhode Island Superior Court on the ground of extreme cruelty, and custody of David was awarded to her. Shortly after the divorce, Arlene and David, with the court's permission, moved to Connecticut where they lived continuously until Arlene's death on April 11, 1962. The plaintiff continued to live in Rhode Island. Although the plaintiff had been granted visitation rights, he did not visit David for three or four years and, thereafter, visited him about once every three months. Immediately after

Arlene's death the defendant took David into his home to live and on April 17, 1962, petitioned the Probate Court in Hartford for the plaintiff's removal as guardian of the person on the ground of unfitness. So far as appears, that proceeding is still pending. Although the Rhode Island court had, in connection with its divorce decree, ordered the plaintiff to pay a weekly sum for David's support, the plaintiff was in arrears on that order although he had financial resources with which to pay it, and Arlene had borne the expense of David's schooling, medical attention and summer camps.

On June 20, 1962, the plaintiff, still a resident of Rhode Island, brought this action. Two days later, on June 22, 1962, he obtained, ex parte, from the Rhode Island Family Court, a purported modification of the custody order made in connection with the 1954 divorce decree. The modification purported to award David's custody to the plaintiff. It is conceded in argument that the plaintiff sought and obtained this modification as the surviving parent, solely on a disclosure that his wife, Arlene, had died, and without a determination as to what David's welfare dictated. He then proceeded to a hearing in the present action.

The Superior Court correctly refused to recognize the Rhode Island modification order, but for a wrong reason. The plaintiff gains nothing, however, from the court's faulty reasoning so long as the decision is properly supported on other grounds. *Waicunas* v. *Macari*, 151 Conn. 134, 138, 193 A.2d 709. The court concluded that David's Connecticut domicil, derived through his mother, survived her death so that, since David was not a resident of, nor domiciled in, Rhode Island at the time of the Family Court modification order, that

court lacked jurisdiction. On this appeal, however, the parties correctly agree that David, on the death of his mother, took the plaintiff's domicil. See *Pfeiffer* v. *Pfeiffer,* 99 Conn. 154, 157, 121 A. 174; *Dunham* v. *Dunham,* 97 Conn. 440, 442, 117 A. 504; *Kelsey* v. *Green,* 69 Conn. 291, 297, 37 A. 679; *Mowry* v. *Smith,* 82 R.I. 82, 85, 105 A.2d 815; 17A Am. Jur., Domicil, § 70; 28 C.J.S., Domicile, § 12 (b) (3). Although the reason advanced by the Superior Court was incorrect, the Rhode Island Family Court modification order was nevertheless a nullity for lack of jurisdiction. It is the law of Rhode Island that, in a divorce proceeding, an order of custody ceases to operate on the death of the parent having custody and the court making the order loses its jurisdiction over the surviving parent and the child. *Mowry* v. *Smith,* supra, 87. Consequently, the June 22, 1962 modification order, made in connection with the 1954 divorce action, was of no force and effect in Rhode Island because the Family Court there no longer had jurisdiction. Since the purported judgment of the Family Court in Rhode Island was not one which our Superior Court was called on to recognize, no discussion is necessary concerning the further facts that the present action was brought before the Rhode Island modification order was made, there was no adversary party in that proceeding, and the issue of David's welfare was not then litigated.

There being no valid judgment determining the custody of David which requires recognition in Connecticut, the trial court was confronted with the single question of what custody award the welfare of the boy required. *Adamsen* v. *Adamsen,* 151 Conn. 172, 178, 195 A.2d 418. The writ of habeas corpus has long been recognized as a proper means

of determining the right to the custody of a minor child, and the welfare of the child is the paramount consideration, whether the controversy is between the parents or between a parent and a stranger. *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 562, 115 A.2d 659; *Pfeiffer* v. *Pfeiffer,* supra. Both the defendant and David are residents of this state; the plaintiff has voluntarily invoked the jurisdiction of the courts of this state to determine the custody question; and no issue is made of the court's jurisdiction to do so beyond the invalid claims already discussed. See cases such as *Aufiero* v. *Aufiero,* 332 Mass. 149, 153, 123 N.E.2d 709; *Fantony* v. *Fantony,* 21 N.J. 525, 533, 122 A.2d 593; *Finlay* v. *Finlay,* 240 N.Y. 429, 431, 148 N.E. 624; *Irizarry Appeal,* 195 Pa. Super. 104, 107, 169 A.2d 307, cert. denied, 368 U.S. 928, 82 S. Ct. 363, 7 L. Ed. 2d 191.

The court did, in response to the plaintiff's request, determine the custody issue after a full hearing and with paramount consideration for David's welfare. No question is raised on this appeal concerning the correctness of the facts found by the court relating to David's situation and the conclusion drawn from them that his welfare required an award of custody to the defendant. It is unnecessary, therefore, to recount the facts which are fully detailed in the finding. Our examination of them convinces us that the effect of the judgment is that David should continue in association with near relatives with whom he has had intimate contact for many years and in a home which promises comfort and attention in the only environment he has known, rather than to separate him from all the contacts he has had since infancy in order to place him in unproved surroundings to be cared for by a father known to him only through infrequent visits

and who, over the years, has been delinquent in his support.

There is no error.

In this opinion the other judges concurred.