Gregory NIELSON, as Personal Representative of the estate of Kirk T. Nielson, Plaintiff and Appellee,

v.

Shelly H. NIELSON (Martin), Defendant and Appellant.

No. 900317–CA.

Court of Appeals of Utah.

Oct. 1, 1991.

Shelly H. Martin, Salt Lake City, pro se.

A.W. Lauritzen (argued), Logan, for plaintiff and appellee.

Before BILLINGS, Associate P.J., and GREENWOOD and RUSSON, JJ.

OPINION

BILLINGS, Associate Presiding Judge:

Defendant, Shelly Martin, appeals from the trial court's order awarding custody of the parties' three minor children to her former husband, Kirk T. Nielson. During the pendency of this appeal, Nielson died and his personal representative was substituted as the plaintiff in this action. We conclude that the custody order ceased to operate upon the death of Nielson and that the right to custody automatically vested in Martin. In addition, we find that Martin is no longer required to pay child support. Finally, we affirm the trial court's order with regard to the property award, attorney fees, and costs.

Nielson and Martin were divorced on March 31, 1987. Three children were born to the parties: Brandy, Jacob, and Kasey, currently ages 16, 12 and 10 respectively. The parties stipulated that Nielson would have custody of Brandy and Jacob while Martin would have custody of Kasey. The decree awarded Martin $26,500 plus interest as her portion of the equity in the parties' home. In May of 1988, Martin filed a petition for modification of the divorce decree, requesting custody of all three children and payment of the property award. Nielson filed a counter petition, seeking custody of the children. While the modification proceedings were pending, Nielson married Barbara Nielson and Martin married William Martin.

On August 7, 1990, the court entered findings of fact and conclusions of law. The court found that Brandy would have serious problems if allowed to reside with Martin and her new husband, that it was inconceivable to require Jacob to live with Martin in light of his marked antipathy for Martin's husband, and that Kasey should not be separated from her siblings. The court also found that Nielson was a fit and proper person for the care, custody, and control of the minor children. In addition, the court stated that defendant, while residing with William Martin, is not a fit person for the care, custody and control of the minor children. The court awarded Nielson custody of the three children. In addition, the court ordered Nielson to pay Martin $25,000 within thirty days in settlement of the property award. No attorney fees and costs were awarded. Martin filed this appeal.

After this case was scheduled for oral argument in this court, Nielson died. Nielson's counsel advised the court of his client's death and indicated that the case may be moot. In subsequent communications with the court, Nielson's counsel, A.W. Lauritzen, declined to file a suggestion of mootness. In addition, Martin requested that the court proceed with the appeal. Pursuant to a motion for substitution, Gregory Nielson, as personal representative of Nielson's estate, was substituted for Nielson. During oral argument, Lauritzen and Martin informed the court that the children presently reside with their paternal grandparents. Lauritzen asserted that Martin is not entitled to custody of the children due to the trial court's finding that she is not a fit person for the care, custody, and control of the minor children. Martin stated that the children have been told that she is not entitled to custody.

 We must first address the vitality of the trial court's custody award in light of Nielson's death. In divorce proceedings, a custody order ceases to operate on the death of the custodial parent, and the court making the order loses its jurisdiction over the surviving parent and the child.[1] The

1. *Baram v. Schwartz,* 151 Conn. 315, 197 A.2d 334, 335 (1964). *See also McLaughlin v. Todd,* 201 Ark. 348, 145 S.W.2d 725, 727 (1940) (Divorce action abates upon the death of a party to the divorce); *Girtman v. Girtman,* 191 Ga. 173, 11 S.E.2d 782, 788 (1940) ("[U]pon the death of one of the parties divorced by judicial decree, the divorce proceeding falls so far as concerns any further right to the custody of children."); *State v. Superior Court of Marion County,* 242 Ind. 42, 176 N.E.2d 126 (1961) (Although the trial court in a divorce proceeding has continuing jurisdiction over the custody and support of minor children even after final judgment in the action, when a party to the action dies, the court's jurisdiction ceases with regard to the custody and control of the children); *Barry v. Sparks,* 306 Mass. 80, 27 N.E.2d 728 (1940) (Upon the death of one of the parents, the divorce decree ceases to have any further effect, at least when it makes no provision for its

rights and obligations of the surviving divorced parent are those of a surviving parent, unaffected by the custody decree entered in the divorce proceeding.[2] Following the death of the custodial parent, the right to custody ordinarily vests in the surviving parent.[3]

■ The Utah Supreme Court has also held that upon the death of the custodial parent, the right to custody of the children immediately vests in the noncustodial parent under Utah Code Ann. § 75–13–18 (1953). *In re O'Hare*, 9 Utah 2d 181, 341 P.2d 205, 206 (1959). Section 75–13–18, which has been repealed and replaced by the Utah Uniform Probate Code, provided that "[h]usband and wife living together are joint guardians of their minor children, with equal powers, rights and duties with respect to the control and custody ... of their minor children...." Although section 75–13–18 has been repealed, Utah Code Ann. § 75–5–204 (Supp.1991) indicates that parental rights must be terminated or suspended before the court may appoint a guardian for an unemancipated minor. Thus, under the current statute, parents have the right to the custody and control of their minor children over all others absent a termination or suspension of parental rights.

■ In addition, the Utah and United States Constitutions recognize and protect the inherent and retained right of a parent to maintain parental ties to his or her child. *In re J.P.*, 648 P.2d 1364, 1372 (Utah 1982). Under both constitutions, the moving party must show unfitness, abandonment, or substantial neglect before parental rights are terminated. *Id.* at 1375. Further, in custody disputes between a parent and a nonpar-

ent, a rebuttable presumption arises in favor of the natural parent. *Hutchison v. Hutchison*, 649 P.2d 38, 40 (Utah 1982). The presumption recognizes the natural right and authority of the parent to custody of the child, and

> is rooted in the common experience of mankind, which teaches that parent and child normally share a strong attachment or bond for each other, that a natural parent will normally sacrifice personal interest and welfare for the child's benefit, and that a natural parent is normally more sympathetic and understanding and better able to win the confidence and love of the child than anyone else.

*Id.* at 41; *see also Kishpaugh v. Kishpaugh*, 745 P.2d 1248 (Utah 1987); *Kasper v. Nordfelt*, 815 P.2d 747 (Utah App.1991).

Thus, under Utah law, natural parents have the right to the custody and control of their minor children absent a judicial termination or suspension of their parental rights. Accordingly, upon the death of the custodial parent, custody of the children vests in the noncustodial parent absent a termination or suspension of parental rights.

■ In this case, the trial court's finding that Martin was not a fit person for the care, custody and control of the minor children was made in the context of Martin's fitness in comparison to Nielson's fitness in a custody dispute. No court has determined that Martin is "unfit" within the meaning of Utah Code Ann. § 78–3a–48 (1987). Likewise, no proceedings have established that Martin abandoned the children or substantially neglected the children under section 78–3a–48 or Utah Code Ann.

continuance beyond the lives of the parents); *Mowry v. Smith*, 82 R.I. 82, 105 A.2d 815, 817 (1954) (Upon the death of a custodial parent, the decree is without effect as to any further rights thereunder to such custody).

2. *McLaughlin v. Todd*, 201 Ark. 348, 145 S.W.2d 725, 727 (1940); *Stone v. Duffy*, 219 Mass. 178, 106 N.E. 595, 596 (1914); *Clarke v. Lyon*, 82 Neb. 625, 118 N.W. 472, 474 (1908).

3. *Brown v. Brown*, 218 Ark. 624, 238 S.W.2d 482 (1951); *Girtman v. Girtman*, 191 Ga. 173, 11 S.E.2d 782, 788 (1940); *State v. Superior Court*

*of Marion County*, 242 Ind. 42, 176 N.E.2d 126 (1961); *In re Hohmann's Petition*, 255 Minn. 165, 95 N.W.2d 643, 646–47 (1959); *Mowry v. Smith*, 82 R.I. 82, 105 A.2d 815, 817 (1954); *Harrelson v. Davis*, 415 S.W.2d 293, 296 (Tx.Ct.Civ.App.1967); *In re Kosmicki*, 468 P.2d 818, 823 (Wyo.1970). *But see Abrams v. Connolly*, 781 P.2d 651, 657 (Colo.1989) (en banc) (Death of the custodial parent does not automatically vest the noncustodial parent with custody. In Colorado, the best interests of the child are the overriding considerations.).

§ 78–3a–16 (Supp.1991). Therefore, upon Nielson's death, custody of the children vested in Martin, and she has an immediate right to custody of her children.

Martin also claims the trial court erred in ordering her to pay child support. Because custody of the children has vested in Martin, she is no longer obligated to pay child support.

 Martin also claims the trial court erred in decreasing her property award from $26,500 plus interest to $25,000. However, the parties agreed on the record that plaintiff would pay defendant $25,000 in cash within thirty days in settlement of the property award. In view of that settlement, we find no error in the court's order decreasing the property award to $25,000.

 Finally, Martin claims the trial court erred in failing to award her attorney fees and costs. The decision to award attorney fees rests within the sound discretion of the trial court. *Morgan v. Morgan,* 795 P.2d 684, 687–88 (Utah App.1990). However, the award must be based on evidence of financial need and reasonableness. *Id.* at 688. In addition, we review the trial court's award of costs under an abuse of discretion standard. *Id.* at 686. The trial court found that Martin's fees were neither justified nor reasonable, and that Nielson did not have the ability to pay Martin's fees. The court then found that defendant was not entitled to an award of attorney fees and that the parties should bear their own costs. Based on these findings, we find no error in the trial court's failure to award Martin attorney fees. In addition, we find no abuse of discretion in the failure to award Martin costs.

We have examined the remaining arguments presented on appeal and find they are without merit.

GREENWOOD and RUSSON, JJ., concur.