Helen JENSEN, and Janet Bowcut, deceased, Plaintiffs and Appellee,

v.

Don Leslie BOWCUT, Defendant and Appellant.

No. 940361–CA.

Court of Appeals of Utah.

March 23, 1995.

Rehearing Denied April 13, 1995.

Don Leslie Bowcut, Pleasant Grove, for appellant pro se.

Rosemond G. Blakelock, Provo, for appellee.

Before DAVIS, GREENWOOD, and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Don Leslie Bowcut (Bowcut) appeals the trial court's ruling ordering him to pay child support to Helen Jensen (Jensen), guardian and conservator of Bowcut's son, David Charles Bowcut (David). Jensen is the appellee in this appeal which arises from three cases that the trial court consolidated. We affirm.

## BACKGROUND

On March 2, 1978, a divorce decree was entered between Bowcut and Janet Sue Bowcut (Janet Sue), awarding Janet Sue custody of their minor child, David. The decree ordered Bowcut to pay child support in the sum of $75 per month, subsequently increased to $125 per month in 1982. On February 5, 1993, Janet Sue died. David

refused to live with Bowcut and instead moved in with Jensen, his maternal grandmother.

On August 13, 1993, Jensen filed a Verified Petition for Appointment of Guardian and Conservator for David. The Honorable Guy R. Burningham subsequently granted the petition. On October 22, 1993, Jensen filed a petition against Bowcut seeking payment of child support and maintenance. Bowcut contested the petition and, on November 4, 1993, the Honorable Steven L. Hansen held an order to show cause hearing regarding the petition. On November 24, 1993, Judge Hansen ruled that Bowcut had an ongoing obligation to pay child support for David and that David had standing to maintain an action against Bowcut for support via a guardian ad litem. Judge Hansen appointed a guardian ad litem for David. Judge Hansen subsequently held an evidentiary hearing to determine the amount of support. On April 5, 1994, the court issued a ruling consolidating the original divorce action, the action for appointment of guardian and conservator, and the action for support, into the present case. The court then awarded child support to David and, on May 13, 1994, established the amount of Bowcut's support obligation at $596 per month, to be paid to Jensen as David's guardian.

## ISSUES ON APPEAL

Bowcut presents numerous issues on appeal: (1) Did the trial court err in awarding child support because Jensen improperly obtained appointment as guardian and conservator for David? (2) Did the trial court err in proceeding under the parties' original divorce decree after the death of Janet Sue? (3) Did the trial court err by failing to offset Social Security death benefits David receives as a minor survivor of his mother, Janet Sue? (4) Did the trial court err by including income from Bowcut's "second" job when calculating gross income? (5) Did the trial court err by failing to consider self employment expenses? (6) Did the trial court err by failing to consider one of Bowcut's present children in its support calculations? (7) Did the trial court err in awarding child support retroactive to the death of Janet Sue? (8)

Did the trial court err in awarding attorney fees to Jensen?

## STANDARD OF REVIEW

■ Whether a court has personal jurisdiction over a party is a question of law that this court reviews for correctness. *State Dep't of Social Serv. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989); *State v. Dickey,* 841 P.2d 1203, 1204 (Utah App.1992) *cert. denied,* 853 P.2d 897 (Utah 1993).

■ A trial court's decision regarding child support will not be disturbed absent "manifest injustice or inequity that indicates a clear abuse of ... discretion." *Hansen v. Hansen,* 736 P.2d 1055, 1056 (Utah App.) *cert. denied,* 765 P.2d 1277 (Utah 1987).

■ A trial court's decision to award attorney fees will not be overturned absent an abuse of discretion. *Nielson v. Nielson,* 826 P.2d 1065, 1068 (Utah App.1991).

## ANALYSIS

### Validity Of Guardianship

Bowcut asserts that Jensen's appointment as guardian and conservator for David was invalid because his parental rights were never terminated. As a result, Bowcut argues any actions regarding child support initiated by Jensen, and any favorable rulings therefrom, are similarly invalid and should be overturned on appeal.

■ Bowcut is correct that upon the death of Janet Sue, he gained legal custody of David. *Nielson v. Nielson,* 826 P.2d 1065 (Utah App.1991). In *Nielson,* this court, reviewing a custody award, stated that: "Following the death of the custodial parent, the right to custody ordinarily vests in the surviving parent." *Id.* at 1067. Bowcut is also correct that a trial court must, in such cases, either terminate or suspend all parental rights of custody before appointing a guardian. Utah Code Ann. § 75–5–204 (1993) states, in pertinent part:

The court may appoint a guardian for an unemancipated minor if all parental rights of custody have been terminated or sus-

pended by circumstances or prior court order.

Under the facts and circumstances of this case, the trial court in the earlier guardianship proceeding could have determined that Bowcut's parental rights of custody were either "terminated" or "suspended by circumstances" pursuant to section 75–5–204.

▆▆▆ Although present at the guardianship hearing, Bowcut neither objected to nor appealed Jensen's appointment as guardian and conservator.[1] Because Bowcut failed to object to or appeal the appointment, we do not have the complete record of the guardianship proceeding before us. Thus, it is impossible for us to fully review the actions of the trial court in that proceeding. Therefore, we must assume that the trial court determined that Bowcut's parental rights were suspended by circumstances. Moreover, by acquiescing in the appointment, Bowcut waived his right to object to the appointment and cannot raise the issue for the first time on appeal. *Salt Lake City v. Ohms*, 881 P.2d 844, 847 (Utah 1994) (court will review only those issues presented below unless exceptional circumstances or plain error are shown).[2]

### Trial Court's Jurisdiction

▆▆▆ Bowcut next argues that the trial court lacked personal jurisdiction over him, thereby invalidating its child support order. Bowcut asserts that because the original divorce decree terminated at the death of Janet Sue, the trial court's jurisdiction over him in the divorce proceeding also terminated.

▆▆▆ A trial court loses its jurisdiction over a surviving parent and child at the death of the custodial parent when that jurisdiction is based on a divorce decree. *Nielson v. Nielson*, 826 P.2d 1065, 1066 (Utah App.1991). While it is true that the trial court consolidated the original divorce action into the present case, the trial court's jurisdiction over Bowcut arose not from the original divorce decree, but rather from the petition to enforce the statutory obligation of a parent to support his or her children. Section 78–45–3 of the Uniform Civil Liability For Support Act (the Act) states that "Every father shall support his child." Utah Code Ann. § 78–45–3 (1992). Section 78–45–6 of the Act gives the "district court" jurisdiction over proceedings under the Act. Utah Code Ann. § 78–45–6 (1992). Therefore, regardless of whether the trial court had jurisdiction by virtue of the divorce decree, the trial court certainly had jurisdiction by virtue of the Act. Under the Act, David, through his guardian ad litem, properly pursued an award of child support to be paid directly to the party providing him support—in this case, his grandmother Jensen.

### Social Security Benefits

▆▆▆ Bowcut argues that, based on Utah Code Ann. § 78–45–7.5 (Supp.1994), the trial court erred in refusing to subtract from his support obligation Social Security benefits David receives as a result of his mother's death.

Utah Code Ann. § 78–45–7.5(8)(a) states that "[g]ross income may not include the earnings of a child who is the subject of a child support award nor benefits to a child in the child's own right such as Supplemental Security Income." Subparagraph (b) of that section states that:

> Social Security benefits received by a child due to the earnings of a parent *may* be credited as child support *to the parent upon whose earning record it is based*, by crediting the amount against the potential obligation of that parent. Other unearned income of a child *may* be considered as

---

1. Bowcut did file a motion to set aside the appointment. However, he didn't file the motion until four months after Jensen accepted the appointment. Thus, his motion was filed well past the deadline for objections. *See* Utah Code Ann. § 75–5–203 (1993) (objection to appointment must be filed within thirty days of acceptance of the appointment). Nevertheless, Bowcut argues that the trial court erred in not ruling on his motion to set aside the appointment. However, based on the untimeliness of the motion, any oversight by the trial court was harmless.

2. Bowcut has failed to demonstrate either that exceptional circumstances exist or that the trial court committed plain error.

income to a parent depending upon the circumstances of each case.

*Id.* (emphasis added).

Based on our reading of these provisions, it is clear that Bowcut's reliance on the statute is unfounded. First, the statute does not mandate such an offset, as Bowcut argues, but merely allows it. Second, the offset goes to the "parent upon whose earning record it is based." In this case, that parent is Janet Sue, not Bowcut. Thus, the trial court acted within its discretion in refusing to offset the Social Security benefits.

## Consideration of Second Job

 Bowcut argues that the trial court erred when it included income from his second job in calculating his child support obligation.

Utah Code Ann. § 78–45–7.5(2) (Supp. 1994) provides the following guideline for calculating gross income for support purposes: "Income from earned income sources is limited to the equivalent of one full-time job." However, it appears from our review of the record that Bowcut failed to specifically object to consideration of income from his second job at the evidentiary hearing. Thus, we could refuse to consider this argument on appeal. *Salt Lake City v. Ohms*, 881 P.2d 844, 847 (Utah 1994). Further, it appears that the trial court did not consider Bowcut's second source of income as coming from a second job, but rather considered it as emanating from his primary job. The trial court's decision to consider Bowcut's second source of income as part of his primary job is supported by the fact that both sources involved the performance of Bowcut's professional duties as a physician. Bowcut maintains a private medical practice and his "second job" consists of his contract with the Utah County Jail to provide medical services. Thus, the trial court did not abuse its discretion in considering Bowcut's second source of income.[3]

## Deduction of Self Employment Taxes and Student Loans

 Bowcut argues that the trial court erred in not deducting his small business taxes and his student loan obligations in calculating his gross income.

Utah Code Ann. § 78–45–7.5(4)(a) (Supp. 1994) allows for the deduction of "necessary expenses required for self-employment or business operation" in calculating gross income. Application of this provision is within the broad discretion of the trial court. Bowcut has provided no evidence or relevant case law to show that section 78–45–7.5(4)(a) applies in this instance, nor that the trial court abused its discretion in not applying the section to the calculation of his gross income. Therefore, the trial court did not abuse its discretion in this instance.

## Credit For Bowcut's Other Children

 Bowcut argues that despite clear discussion at the evidentiary hearing that he and his present wife have three children in their home, the court gave him credit for only two of those children in determining the proper support amount.

Utah Code Ann. § 78–45–7.2(4)(a) (Supp. 1994) states that:

> Natural or adoptive children of either parent who live in the home of that parent and are not children in common of both parties may at the option of either party be taken into account under the guidelines in setting or modifying a child support award.

This provision does not mandate that the trial court give credit for children living in the obligee's current home. Rather, the provision simply gives the trial court the ability to determine whether or not other children will be considered in determining the amount of support. At the hearing, Bowcut's current wife testified that she and Bowcut had only two children in common. Thus, although there appears to be some confusion as to the

---

3. We note that by including his second source of income, Bowcut's overall income calculations may amount to more than a forty-hour work week. However, this court has previously held that a full-time job can exceed forty hours per week if consistent with the obligee's prior prac-

tice. *Hurt v. Hurt*, 793 P.2d 948, 950 (Utah App.1990) (upholding an award of child support that was based in part on calculations of the father's history of extensive overtime wages); *accord Crompton v. Crompton*, 888 P.2d 686, 688 (Utah App.1994).

number of children residing in Bowcut's current home,[4] we find that the trial court acted within its discretion.

### Retroactive Application of Child Support

■■■ Bowcut argues that the trial court erred in ruling that the child support award would be retroactive to the date Janet Sue died. He states that as of the time of Janet Sue's death, he gained custody and control over David. Thus, he argues that he had no child support obligation until the time Jensen was appointed guardian and conservator.

The Uniform Civil Liability For Support Act states that, "Every father shall support his child." Utah Code Ann. § 78–45–3 (1992). The right to that child support belongs to the child, not to the custodial parent or guardian. *Hills v. Hills,* 638 P.2d 516, 517 (Utah 1981). Thus, Bowcut's obligation to support David existed at the time of Janet Sue's death, regardless of whether or not Jensen had legal custody of him. Although Bowcut asserts he would have provided support in a manner apparently acceptable only to him, the fact remains that no support was provided. Therefore, we cannot say that the trial court abused its discretion in retroactively applying the child support order back to the date of Janet Sue's death.

### Attorney Fees

Bowcut's final argument is that the trial court erred in awarding Jensen her attorney fees.

■■■ In most cases, attorney fees are awarded only if authorized by a statutory or contractual provision. *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988); *Bailey–Allen Co. v. Kurzet,* 876 P.2d 421, 428 (Utah App.1994). In this case, the trial court awarded Jensen's attorney fees based on language in *Lyngle v. Lyngle,* 831 P.2d 1027 (Utah App.1992), where this court, based on Utah's divorce statutes, stated that "In an action to enforce the provisions of a divorce decree, an award of attorney fees is based

solely upon the trial court's discretion." *Id.* at 1030.[5] However, as discussed earlier in this opinion, this action is not appropriately characterized as part of the original divorce proceeding; rather, it is a separate action for support of a minor under the Act. Thus, the trial court improperly awarded the fees pursuant to the divorce statute. Moreover, the Act does not include any provision for the award of attorney fees. Therefore, there is no statutory or contractual provision supporting the award of attorney fees in this case.

However, there are exceptions to the general rule that attorney fees may only be awarded pursuant to contract or statute. In *Stewart v. Utah Public Service Comm'n,* 885 P.2d 759, 782 (Utah 1994), the Utah Supreme Court stated that "[I]n the absence of a statutory or contractual authorization, a court has inherent equitable power to award reasonable attorney fees when it deems appropriate in the interest of justice and equity." *Id.* Courts have used that inherent power in various categories of cases. For example, courts have used their equitable power to award attorney fees where a party has acted " 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id.* at 782 (quoting James W. Moore, *Moore's Federal Practice* § 54.77 (2d ed. 1972)). Courts have also awarded attorney fees where, through the efforts of a few litigants, non-party class members of a class-action suit, or non-party beneficiaries of a trust are financially benefitted. *Stewart,* 885 P.2d at 782. Courts have also awarded attorney fees where a party has acted as a "private attorney general" and sues on behalf of "strong or societally important public policy" and vindicates the same. *Id.* at 783.

■■■ In this case, Jensen not only had to provide support for David, but was also required to finance legal fees to compel Bowcut to fulfill his statutory obligations and duties to David.[6] Similar to the examples set forth

---

4. Apparently, Bowcut's current wife has a child from an earlier marriage who resides with them.

5. Utah Code Ann. § 30–3–3(2) (Supp.1994) states in pertinent part, "In any action to enforce an

order of custody, visitation, child support ... the court may award costs and attorney fees."

6. The trial court found that: "defendant had previously taken the position that his support obligation was extinguished by the death of the

above, Jensen expended her time and resources for the benefit of another—in this case, for the support of a minor. We believe that under these circumstances, equity demands the award of attorney fees. Moreover, the award of fees in this case was, in reality, simply a part of the child support award itself since the fees went to reimburse Jensen for her "support" of David. Therefore, while the trial court improperly based its award of attorney fees on statutory grounds, we nevertheless affirm the award based on principles of equity and justice as they relate to the specific circumstances of this case.[7] For the same reasons, we also award Jensen the attorney fees she was required to expend on this appeal.

## CONCLUSION

The issue of the propriety of Jensen's appointment as guardian and conservator for David is not properly before us. Further, the trial court, under the jurisdiction of the Uniform Civil Liability For Support Act, properly ordered Bowcut to provide certain child support amounts for David. Finally, based on principles of equity and justice, Jensen was properly awarded her attorney fees. We award Jensen attorney fees incurred on appeal and remand for a determination of the amount of those fees. .

DAVIS and JACKSON, JJ., concur.

---

custodial parent ... Mrs. Jensen had little choice in bringing this matter before the Court in order to obtain the support necessary for the minor child, David Bowcut."

7. Bowcut argues that Jensen should be required to pay his attorney fees on both the trial and appellate levels. We find his claim without merit and therefore refuse to consider it. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989).