# IN THE UTAH COURT OF APPEALS

----ooOoo----

| | |
|---|---|
| Clark Properties, Inc., | MEMORANDUM DECISION |
| Petitioner and Appellant, | Case No. 20100851-CA |
| v. | |
| JDW-CM, LLC, | F I L E D<br>(June 7, 2012) |
| Respondent, Counterclaim<br>Petitioner, and Appellee, | 2012 UT App 163 |
| v. | |
| Clark Properties, Inc., | |
| Counterclaim Respondent and<br>Appellant, | |
| and | |
| Deer Run at Maple Hills, LLC, | |
| Third-party Respondent and<br>Appellant. | |

-----

Second District, Farmington Department, 000700454
The Honorable Jon M. Memmott

Attorneys:    Mark R. Anderson and George A. Hunt, Salt Lake City, for Appellants
              Brian W. Steffensen, Salt Lake City, for Appellee

-----

Before Judges Voros, Orme, and Davis.

ORME, Judge:

¶1    In this real estate financing dispute with related title issues, appellants Clark Properties, Inc., and Deer Run at Maple Hills, LLC (collectively, Clark) challenge the trial court's ruling that appellee JDW-CM, LLC (JDW) is entitled to quiet title in a parcel of land designated as Lot 307. Clark also appeals the court's denial of its motion for new trial. We affirm.

¶2    Clark contends that the trial court erred in its initial trial ruling on the issues before it and by denying Clark's motion for new trial[1] because the court failed to receive any evidence "through testimony or otherwise," had no motions pending before it, and based its ruling on the parties' trial briefs. At oral argument before this court, Clark stated that the trial court's violation of Clark's right to due process[2] constitutes the broader issue before us and that the related "technical" matter is that the court had no evidence to support the quiet title judgment or the findings of fact[3] ultimately entered

---

[1] "[I]t is well settled that, as a general matter, the trial court has broad discretion to grant or deny a motion for a new trial." *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 25, 82 P.3d 1064 (citation and internal quotation marks omitted), *cert. denied*, 541 U.S. 960 (2004). "We apply an abuse of discretion standard in reviewing a trial judge's decision to grant or deny a new trial[.]" *Id.*

[2] Clark's due process argument is based on (1) the court's failure to receive any evidence, (2) the court's adoption of evidence "outside traditional means and accepted practices," and (3) the fact that the court "expressly discouraged the presentation of evidence."

[3] Clark also mentions that it had no opportunity to object to the Findings of Fact and Conclusions of Law because "JDW did not serve the Findings and Conclusions on the Clark Appellants at the time [they were] filed with the trial court." Although Clark was not technically served with the Findings of Fact and Conclusions of Law before they were filed with the trial court, Clark acknowledges that JDW emailed it a copy prior to their filing and that Clark did not file any objections, instead opting to file a motion for new trial. Accordingly, any error based on JDW's failure to formally serve

(continued...)

by the court. Clark also argues that the court violated section 78B-6-1315(3) of the Utah Code. *See* Utah Code Ann. § 78B-6-1315(3) (2008).

¶3     Clark's claims of error are based on the underlying question of whether, in the context of a bench trial, the trial court erred when it resolved the remaining claims in the case based on the parties' pretrial submissions, opening statements, and ensuing discussion. As interesting as this question is and as unorthodox as such a procedure might be, we need not reach the merits because Clark acquiesced in the procedure employed by the court.

¶4     We first note that the record does not support Clark's contention that the trial court "attempted to rule before the Clark Appellants ever gave their opening statement" or that, after JDW's opening statement, the court "informed the parties that it was able to resolve the matter." After JDW's opening statement but before Clark's opening statement, the court simply stated, "When you're done with your opening arguments, I have some comments to make . . . . I think there may be a little different way to go through this[.]" When Clark's counsel asked, "Would you like me to speak first, your Honor?," the court replied, "Yes. I didn't want to prejudice either of you to present what ever you're going to present." The record contains no indication that the court sought to prevent Clark from presenting its opening statement or that "the judge had made up his mind before the trial started."

¶5     Clark also states that the trial court "expressly discouraged the presentation of evidence" and that, after opening statements, the court "expressly told the parties that any presentation of evidence was futile." We disagree. At no time did the trial court indicate by word or action that it was unwilling to allow the parties to present evidence. On the contrary, throughout the proceeding, the court indicated that it was amenable to hearing evidence if the parties wished to present it. At one point during discussion of the quiet title claims, the court asked, "[A]re the[re] issues that counsel is prepared to go forth and try? I mean, is there evidence or people here to testify today? I don't want to deprive either of you of your right to court[.]" Although Clark did not indicate, at that time or at any other point during the time set for trial, that it wanted to present

---

[3](...continued)
Clark with the Findings of Fact and Conclusions of Law is harmless because Clark received a copy of the document before it was filed and chose not to object.

evidence, JDW proffered evidence for the court's consideration.[4]  And when JDW's counsel indicated that he disagreed with the court's construction of the one-action rule and stated that he "just want[ed] to make my record," the court responded that "it's important that you make the record."  Thus, the court demonstrated its willingness to listen to the parties.

¶6     The trial court's ruling is based on its interpretation of the parties' foreclosure and redemption agreement (FRA) and its understanding of the one-action rule, *see* Utah Code Ann. § 78B-6-901 (Supp. 2011), both of which present questions of law that generally require no factual development.  *See Tretheway v. Furstenau*, 2001 UT App 400, ¶ 9, 40 P.3d 649 ("When contract language is unambiguous, we interpret the contract as a matter of law."); *Wilson v. Valley Mental Health*, 969 P.2d 416, 418 (Utah 1998) ("The proper construction of a statute is a question of law.").  However, "when a contract provision is ambiguous because it is susceptible to more than one reasonable interpretation due to uncertain meaning of terms, missing terms, or other facial deficiencies, extrinsic evidence is admissible to explain the intent of the parties." *Willard Pease Oil & Gas Co. v. Pioneer Oil & Gas Co.*, 899 P.2d 766, 770 (Utah 1995).  Yet when the matter of parol evidence relating to the FRA was raised, Clark did not argue that the FRA was ambiguous or ask to present evidence on the matter, even though it clearly could have done so.  *See id.*

¶7     More significantly, Clark's conduct may well have encouraged the trial court to believe that Clark had no objection to the court's procedure[5] or rulings.  For example, at one point, the court stated:

---

[4]At Clark's urging, the trial court subsequently concluded that JDW's proffered evidence raised issues that were not part of the case.  As a result, the court declined to allow JDW to present the evidence.

[5]The only time during the proceedings that Clark indicated a desire to proceed with the trial occurred when the trial court indicated that the one-action rule barred JDW from recovering on its contract claim and JDW asked for a dismissal without prejudice. Clark objected, stating, "I disagree, your Honor.  We're here for a trial.  Let's get this thing over with."  It is clear from the context of this statement that Clark was objecting to JDW's request that the dismissal be without prejudice rather than more generally seeking a chance to present evidence.  And when the court indicated it would deny JDW's request, Clark did not repeat its request to go ahead with the trial.

> I don't want to waste everybody's time. I don't want to
> jump in prematurely, but I don't see anything and I didn't
> hear anything in argument that would change my mind as to
> what you were going to present today or what you were
> going to do that would change my mind as to how I read the
> law, how I read the statute, how I read this agreement.

Clark's counsel responded by acknowledging that the FRA "has to speak for itself," thus implying agreement with—or at the very least, acquiescence in—the trial court's assessment and reinforcing the court's conclusion that no evidence was necessary to interpret the FRA. Shortly thereafter, Clark's counsel asked the court to clarify "what just happened here," in relation to its ruling, and when the court did so, counsel then stated that he understood the ruling, without interposing an objection to the ruling itself or the procedure employed in reaching it.[6]

¶8     We recognize that when a party is surprised by a court's action, as Clark's counsel no doubt was, it is often difficult to articulate with precision the grounds for objection. Nevertheless, to the extent that Clark had any concerns regarding the procedure, it had an obligation to contemporaneously express those concerns in some way. Here, Clark did not object to the court's procedure or attempt to put on or even proffer any evidence, even though the court indicated its willingness to allow the

---

[6]The trial court's denial of Clark's motion for new trial shows that the court did, in fact, believe that Clark had no objections. The ruling states, in pertinent part, as follows:

> During the bench trial, the Court specifically stated that it
> had no intention of cutting short the Clark Defendants'
> presentation of additional evidence . . . . The Clark
> Defendants raised no objections and, indeed, agreed to the
> Court making its interpretation of the relevant contractual
> language at that time. . . . The Clark Defendants were given
> the opportunity to present additional evidence on the issues
> during the November 5, 2009 bench trial and raised no
> objection to the Court's ruling or the proceedings. Further,
> the Clark Defendants were afforded additional time to raise
> objection to [JDW]'s proposed findings of fact, conclusions
> of law and judgment, but again failed to do so.

parties to present relevant evidence and expressly asked the parties if they wanted to do so.  The court also demonstrated that it was willing to listen to counsel, answer questions, and clarify its reasoning.  By failing to interpose any objection to the court's decision to rule based on its interpretation of the FRA and construction of the one-action rule, and by indicating its willingness to accede to the court's suggested procedure, Clark acquiesced in the court's decision that it could rule as a matter of law[7] and in the procedure the court chose to employ.[8]  Accordingly, Clark cannot now argue that the court erred by refusing to allow Clark to present evidence.  Similarly, Clark cannot reasonably contend that the court's failure to hear evidence constitutes a basis for a new trial.

¶9    Insofar as Clark suggests that it preserved its due process claim by raising it in its motion for new trial, that fact alone is inadequate to preserve an issue for appellate review.  *See, e.g., State v. Pinder*, 2005 UT 15, ¶ 46, 114 P.3d 551.  "[T]he purpose of the preservation rule is to ensure that the trial court is first given an opportunity to decide if a mistake has been made before appellate review becomes appropriate."  *Id.*

> Although a new argument may be advanced when moving for a new trial, the trial court may refuse to consider the merits of the argument . . . because it may find the issue

---

[7]Clark earlier filed a motion for summary judgment, so the notion that the case could properly be decided as a matter of law, without the necessity of a trial, would not have been foreign to it, even though its motion was denied in part.

[8]This acquiescence at trial, only to complain on appeal, is at odds with the requirement that issues must be preserved if they are to be pursued on appeal.  *See, e.g., Jensen v. Bowcut*, 892 P.2d 1053, 1056 (Utah Ct. App.) ("[B]y acquiescing in the [trial court's appointment of a guardian], Bowcut waived his right to object to the appointment and cannot raise the issue for the first time on appeal."), *cert. denied*, 899 P.2d 1231 (Utah 1995).  By acquiescing in the process with which it now takes issue, Clark failed to preserve the argument that it was entitled to present evidence.  *See Weiser v. Union Pac. R.R.*, 2010 UT 4, ¶ 14, 247 P.3d 357 ("'To preserve an issue for appellate review, a party must first raise the issue in the trial court, giving that court an opportunity to rule on the issue.'  Further, '[f]or an issue to be sufficiently raised, even if indirectly, it must at least be raised to a level of consciousness such that the trial judge can consider it.'") (alteration in original) (citations omitted).

> waived. If the trial court refuses to address the merits of the
> newly advanced argument, the issue remains unpreserved
> for appellate review and may be addressed only if the
> challenging party can show plain error or exceptional
> circumstances.[9]

*Id.* (omission in original) (citation and internal quotation marks omitted). Here, the court did not address the merits of the claim when ruling on the motion for new trial. Instead, the court ruled that Clark waived the opportunity to present evidence.[10] On appeal, Clark states that the court committed plain error because it "had made up [its] mind before the trial started" and "ruled without evidence." The record does not support the first statement. As to the second statement, we conclude that Clark acquiesced in the court's suggestion that it could rule as a matter of law, that is, without

---

[9]For a defendant to establish the existence of plain error, he must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful," i.e., prejudicial. *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). The extraordinary circumstances doctrine applies to "rare procedural anomalies" and is reserved "for the most unusual circumstances where our failure to consider an issue that was not properly preserved for appeal would have resulted in manifest injustice." *State v. Nelson-Waggoner*, 2004 UT 29, ¶ 23, 94 P.3d 186 (citation and internal quotation marks omitted).

[10]In ruling on the motion for new trial, the trial court mentioned "due process" when it quoted the following Utah Supreme Court statement regarding waiver:

> The fundamental requirement of due process is the
> opportunity to be heard, at a meaningful time and in a
> meaningful manner, and, *when this opportunity is granted a*
> *complainant, who chooses not to exercise it, that complainant*
> *cannot later plead a denial of procedural due process.*

*Utah Dep't of Transp. v. Osguthorpe*, 892 P.2d 4, 8 (Utah 1995) (emphasis added by trial court) (citation and internal quotation marks omitted). The court then concluded that because Clark had an opportunity to present evidence and did not take advantage of it, Clark waived any claim that it should be allowed a new trial in order to present evidence. The court's passing mention of due process in this context did not constitute consideration of the merits of Clark's due process argument.

the presentation of evidence.  In the absence of plain error or exceptional circumstances, we conclude that the due process issue "remains unpreserved."  *See id.*

¶10     Clark also argues that section 78B-6-1315(3) of the Utah Code requires a trial court to hear evidence before ruling in a quiet title action.[11]  *See* Utah Code Ann. § 78B-6-1315(3) (2008) ("[I]n all cases [the court] shall require evidence of plaintiff's title and possession and hear the evidence offered respecting the claims and title of any of the defendants[.]").  Thus, Clark contends that the court violated section 78B-6-1315(3) by ruling without hearing evidence.

¶11     We first note that it is questionable whether Clark preserved this issue, as Clark did not mention the statute during trial or in its motion for a new trial.  Regardless, we do not read the statute as meaning that evidence must *always* be presented when a quiet title claim is involved.[12]  Section 78B-6-1315's title begins with the phrase "Judgment on default."  Subsection (3) provides as follows:

> The court may not enter any judgment *by default against unknown defendants*, but in all cases shall require evidence of plaintiff's title and possession and hear the evidence offered respecting the claims and title of any of the defendants.  The court may enter judgment in accordance with the evidence and the law only after hearing all the evidence.

*Id.* (emphasis added).  This provision immediately follows one authorizing the court in a quiet title action to "examine and determine the legality of the plaintiff's title and the title and claims of all the defendants and all unknown persons."  *Id.* (2).  Thus, considered in context, the plain language indicates that the statute is limited to a narrow set of circumstances, namely, default judgments against "unknown defendants," and that is not the situation in the case before us.  Except in those limited circumstances, we

---

[11]To the extent Clark's appeal is based on the lack of evidence that satisfies summary judgment standards and the requirements of rule 7(c)(3) of the Utah Rules of Civil Procedure, we find it unpersuasive due to Clark's acquiescence in the procedure employed by the trial court.

[12]We interpret statutes according to their plain meaning and "need not look beyond the plain language unless we find some ambiguity."  *State v. MacGuire*, 2004 UT 4, ¶ 15, 84 P.3d 1171.

conclude that a quiet title action, like any other action, may be resolved through such means as a judgment on the pleadings or a judgment based on admissions or proffers of evidence. *Cf. id.* (1) ("If the summons has been served and the time for answering has expired, the court shall proceed to hear the cause as in other cases.").

CONCLUSION

¶12    Clark acquiesced in the trial court's atypical procedure at the time of trial. Therefore, the trial court did not err by ruling on the issues before it without hearing evidence. In light of that acquiescence, the court did not abuse its discretion by denying Clark's motion for a new trial.

¶13    Affirmed.

_____
Gregory K. Orme, Judge

-----

¶14    WE CONCUR:

_____
J. Frederic Voros, Jr.
Associate Presiding Judge

_____
James Z. Davis, Judge