STATE EX REL. RICKLI, Plaintiff, v. COUNTY COURT OF DANE COUNTY, Defendant.

*October 3—October 25, 1963.*

*Bosshard, Arneson & Sundet* and *Philip G. Arneson,* all of La Crosse, for the plaintiff.

*Robert J. Kay* of Madison, for the defendant.

PER CURIAM. The county court of Dane county had jurisdiction, as the divorce court, to determine whether or not a change in custody would promote the child's welfare.[2] Upon Phyllis' application, the Dane county court began its proceeding to make that determination. The questions presented here are (1) whether the county court of La Crosse county, in its capacity as the juvenile court, obtained jurisdiction over the same matter, and (2) what effect its proceedings had on the jurisdiction of the Dane county court, founded on the divorce action.

1. *Jurisdiction of the La Crosse county court as juvenile court.* It appears that the child was present in La Crosse county on September 16th when the petition was filed in juvenile court. Presence of the child in the county is sufficient under sec. 48.16, Stats.

Sec. 48.19, Stats., contemplates a preliminary consideration of a child's case by the juvenile court before the court authorizes the filing of a petition, and the court may dispose

---

[2] Sec. 247.24, Stats.; *State ex rel. Kern v. Kern, supra,* footnote 1; *Subrt v. Subrt* (1957), 275 Wis. 628, 632, 83 N. W. (2d) 122.

of the matter without the filing of a petition. This section provides that "an investigation shall be made by persons designated by the court to determine the facts." In the present case, Judge Toepel required no investigation by a caseworker "because of the representation made to the court by counsel for the petitioner as to the needs of the child and the intention of the court to have an independent mental examination and evaluation made of the child." The court had been informed that the evaluation already made indicated need of treatment. We consider that although the word "shall" is used, the judge has discretion to treat his own consideration of the information presented to him as a sufficient preliminary investigation. Failure to have some other person make an investigation is therefore not deemed to be a jurisdictional defect.

The requirements of a petition are set forth in sec. 48.20, Stats. The petition appears adequate on its face. The facts which allegedly bring the child within the jurisdiction of the court were stated in the exact language of sec. 48.13 (2) (b), although such statement does not specify the nature of the treatment needed, the condition causing it, nor the inability of the parents to provide it. We know from the rest of the record that the child's residence was not correctly stated, that the child was in the legal custody of his father; and that the mother appears really to claim that she can better provide for the child's needs than the father. None of these criticisms of the petition, however, prevent it from arousing the jurisdiction of the court.

2. *Effect of the institution of the La Crosse county juvenile proceeding upon the jurisdiction of the Dane county court.* Sec. 48.13, Stats., describes the jurisdiction of the juvenile court over a child alleged to be dependent as "exclusive." Sec. 48.15, however, makes it clear that a court with a divorce action before it nevertheless has jurisdiction to determine legal custody of children as an incident of the

divorce action. It goes on to provide: "But the jurisdiction of the juvenile court shall be paramount. . . ."

A note by the 1955 revision committee reads:

"The first sentence of this section is now the last sentence of s. 48.01 (5) (am). It clearly preserves the jurisdiction of other courts over the awarding of legal custody in habeas corpus proceedings or in other proceedings before them, as for example, the right of the divorce court to award legal custody of a child of divorced parents. The second sentence is necessary, however, because problems have arisen regarding the extent of the right of other courts to determine the legal custody of children. Problems have arisen principally in relation to the divorce court since that court has continuing jurisdiction over the legal custody of the children of divorced couples [s. 247.24]. For example, some persons have questioned the right of the juvenile court to take jurisdiction over a child alleged to be delinquent when that child is under the continuing jurisdiction of the divorce court because his parents are divorced. This section makes it clear that the jurisdiction of other courts over the legal custody of children does not interfere when facts have arisen which support the exclusive jurisdiction of the juvenile court as spelled out in ss. 48.12, 48.13, and 48.14."

The word "paramount" has been defined:

"1: Having a higher or the highest rank or authority . . . 2: Superior to all others (as in power, position, or importance): chief, supreme, preeminent . . ." [3]

The statutes make it clear that if the La Crosse county juvenile court were to find that Carl II is dependent, as alleged, and make a disposition of his case as authorized by sec. 48.35, Stats., such finding and disposition would control, and the Dane county court would be powerless to make a contrary finding or different disposition as an incident of the divorce action.

Such finding and disposition have not, however, yet been made, and the problem before us is whether, at this stage,

---

[3] Webster's New International Dictionary (3d ed., unabridged).

and to what extent the commencement of the juvenile proceeding ousts the Dane county court of its jurisdiction over custody, founded upon the divorce action.[4] The jurisdiction of a juvenile court over child custody and the jurisdiction of another court as an incident of a divorce action overlap, but are not identical in scope. A divorce court is authorized by statute to determine that a child of the parties to a divorce action is dependent (where the parents are unable or unfit to care for it adequately) and to make disposition of the custody of the child on that basis.[5] In the absence of a finding of dependency, however, a divorce court has the power to place the child in the custody of one parent or the other, according to its determination of the child's best interests. The jurisdiction of the juvenile court, in the absence of a finding of dependency, does not extend so far.[6] The problem which Phyllis presented to the Dane county court appears to have involved only a determination of the child's best interests, as between placement in the custody of his mother or of his father. Her allegation to the La Crosse county juvenile court posed the further problem of dependency: *i.e.*, whether he needed treatment which his parents or legal custodian were unable to provide.

Although there are a number of decisions in other states dealing with the conflict between the jurisdiction of a juvenile court and of a divorce court over child custody, they do not appear to deal with statutes similar to ours.[7]

The statute makes the jurisdiction of the juvenile court paramount to that of the divorce court. This means at least

---

[4] The county court of Dane county is also a juvenile court, but its jurisdiction as a juvenile court has not been invoked.

[5] Sec. 247.24, Stats.

[6] Of course the juvenile court also has paramount jurisdiction of a child alleged to be delinquent or neglected, situations not here involved. Secs. 48.12 and 48.13, Stats.

[7] See: Anno. 11 A. L. R. 147; *In re O'Hare's Guardianship* (1959), 9 Utah. (2d) 181, 341 Pac. (2d) 205; *Houser v. Houser*

that the burden is on the divorce court to avoid taking action which is or is likely to be in conflict with action taken by the juvenile court. As a matter of comity, the divorce court should under most circumstances stay its proceeding when a proceeding involving the same child is instituted in the juvenile court until the juvenile court reaches a determination. But it seems reasonable that the divorce court retains jurisdiction to do anything which does not conflict with the orders and findings of the juvenile court.

3. *The temporary custody order of the La Crosse county juvenile court.* The juvenile court ordered Phyllis to detain Carl II in custody until further order. Although entitled "Order for detention," it appears not to be the type of order contemplated in secs. 48.28 to 48.30, Stats., nor to be expressly authorized elsewhere. The child was in the immediate care of his mother when brought into court, and the order continued that situation temporarily. We consider that such order was within the inherent power of the juvenile court over the cases before it.

The order which the Dane county court issued on September 19th was squarely in conflict with the order of the La Crosse county juvenile court that Phyllis detain Carl II in her custody until further order. Although the order of September 19th had already been executed when we issued our alternative writ, we vacated the order, and we now confirm that portion of our writ.

4. *The Dane county court contempt proceeding.* Phyllis was obliged to return the child to Carl, Sr., by Sunday evening. She was ordered to show cause why her failure to do so should not be deemed contempt of court. It is clear that nothing has deprived the county court of Dane county of its

(1948), 166 Kan. 45, 199 Pac. (2d) 497; *Trent v. Bellamy* (1948), 164 Kan. 438, 190 Pac. (2d) 400; Anno. 78 A. L. R. 317; *Smith v. Smith* (1939), 31 Cal. App. (2d) 272, 87 Pac. (2d) 863; *In re Walker* (1953), 43 Wash. (2d) 710, 263 Pac. (2d) 956. Also, see Anno. 146 A. L. R. 1153, 1171.

power to pass judgment on the claim that she was guilty of contempt. It is entitled to proceed.

5. *Abuse of discretion.* Our writ was not directed to the La Crosse county juvenile court. Hence we are not presently in a position to exercise superintending control over the action of that court.

Judge TOEPEL's affidavit is before us, however, and it appears that in one respect, at least, he was not fully informed of the circumstances.

We feel it our duty to say that if he had been informed of all the facts now of record before us, it would have been an abuse of discretion to authorize the filing of a petition and to accept jurisdiction over Carl II.

The La Crosse court was asked to exercise jurisdiction over a child who was temporarily in a county where neither his father, and legal custodian, nor his mother reside. He was temporarily at a motel in the care of his mother in apparent violation of the court order which governed his custody.

The mother had applied to the county court of Dane county only three days previously to re-examine the custody question, and the Dane county court had issued its order for such re-examination. This was the court which had previously determined the custody question and was familiar with the situation. The psychologist who had made the report on which the mother relied was a resident of Dane county, not La Crosse. The Dane county court had denied the request of the mother for a temporary change of custody pending the hearing. Although the Dane county court was proceeding as the divorce court, it is also the juvenile court of Dane county, and if for any reason a juvenile proceeding would better serve the interests of the child, the Dane county court could easily have authorized such proceeding before itself. The inference can readily be drawn that the application to the La Crosse court was motivated by a desire for a hearing before

a different judge, the mother being dissatisfied with the rulings in Dane county.

Sec. 48.16, Stats., authorizes a juvenile court to exercise jurisdiction over a child who is present, but not resident, in the particular county, to the end that there will always be ready access to a court with power to protect a child. An emergency undoubtedly might arise where a juvenile court in one part of the state would be justified in taking jurisdiction of an allegedly dependent child temporarily present in its county even though a divorce court in another part of the state was exercising jurisdiction over its custody, but we see no circumstance which justifies such action in the case before us.

It is our opinion that the discretion of the La Crosse county juvenile court will now be best exercised by dismissing the proceeding before it in order to permit the Dane county court to proceed.

It is ordered that the portion of the alternative writ which vacated the order of the Dane county court dated September 19, 1963, be confirmed; the county court of Dane county is directed to take no action which will conflict with the proceeding before the juvenile court of La Crosse county unless and until informed of the dismissal or disposition of that proceeding. In all other respects the writ of prohibition absolute is denied and a writ of consultation [8] authorizing the county court of Dane county to proceed in a manner consistent with the opinion on file is allowed. No costs allowed to either party.

---

[8] Prescribed by sec. 293.12, Stats.